[Cite as *State v. Andrews*, 2016-Ohio-7389.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   | JUDGES:                      |
|--------------------------|---|------------------------------|
| STATE OF OHIO            | : | Hon. W. Scott Gwin, P.J.     |
|                          | : | Hon. John W. Wise, J.        |
| Plaintiff-Appellee       | : | Hon. Patricia A. Delaney, J. |
|                          | : |                              |
| -vs-                     | : |                              |
|                          | : | Case No. 15 CAA 12 0099      |
| BRANDON M. ANDREWS       | : |                              |
|                          | : |                              |
| Defendant-Appellant      | : | OPINION                      |

CHARACTER OF PROCEEDING: Criminal appeal from the Delaware County Court of Common Pleas, Case No. 15CR-I-04-0161

JUDGMENT: Affirmed in part; reversed in part and remanded

DATE OF JUDGMENT ENTRY: October 18, 2016

APPEARANCES:

For Plaintiff-Appellee

CAROL HAMILTON O'BRIEN
ERIC PENKAL
ANDREW BIGLER
140 N. Sandusky St.
Delaware, OH 43015

For Defendant-Appellant

LINDA KENDRICK
79 North Sandusky Street
Delaware, OH 43015

*Gwin, P.J.*

{¶1} Defendant-appellant Brandon Andrews ("Andrews") appeals his conviction and sentence after a jury trial in the Delaware County Court of Common Pleas for one count of theft, a misdemeanor of the first degree.

*Facts and Procedural History*

{¶2} In February of 2015, Andrews was an employee of AVI Food Systems at their location inside the Kroger Warehouse Distribution Center in Delaware, Ohio. On February 12, 2015, a meeting was held at the Kroger location and it was determined that Andrews would be given responsibility for collecting money from the kiosks and preparing the deposits for pickup by a driver who would transport them to the main office.

{¶3} Andrews was given the keys to the kiosks, money bags, cage and safe on February 16, 2015. He was told to keep the keys with him at all times.

{¶4} On February 27, 2015, Andrews left his employment early because he was ill. Mike Whitmer, the Branch Manager, who was to obtain the spare key to the kiosks because the kiosks needed to have a money pull before the weekend, contacted Melody Dennick, the loss prevention person at AVID Food Systems. Dennis Falatach was sent to the Kroger location with the key to the kiosks and instructions to pull the money.

{¶5} These events prompted Ms. Dennick to begin an investigation of the Cash Out Reports, because there had been discrepancies at that Kroger location in the past. This investigation led to the discovery of missing cash deposits and discrepancies between the amount removed from the kiosks and what was actually deposited.

**{¶6}** At trial, evidence was presented that between February 12, 2015 and February 27, 2015, there were three money pulls done by Janelle Simmons, six done by Andrews, and one done by Dennis Falatach.

**{¶7}** Ms. Dennick identified two deposits that were missing, the one from February 17, 2015, for $1469.00 and one from February 22, 2015, for $2150.

**{¶8}** Ms. Dennick testified that she reviewed the surveillance footage, which showed that Andrews opened the kiosk machines 2 times each prior to his leaving work on February 27, 2015. Dennis Falatach testified that when he counted the money that he had pulled from the kiosks on February 27, 2015, it was short, but he could not remember the exact amount.

**{¶9}** Andrews testified that he was not the only one who had access to the keys. He occasionally lent his keys to Simmons, Falatach and unidentified driver and Mike Whitmer. He also, testified that he left work on February 27, 2015 because he was ill, but was called in by Simmons so she could use the key to get the employee paychecks. Andrews never went back to work after that time.

**{¶10}** The jury found the Andrews guilty of theft and determined the amount to be less than $1,000.00. The sentencing hearing was held on December 1, 2015. The issue of restitution was addressed. The court ordered restitution in the amount of $999.99

*Assignments of Error*

**{¶11}** Andrews raises three assignments of error,

**{¶12}** "I. DEFENDANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶13} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD A HEARING ON THE ISSUE OF RESTITUTION.

{¶14} "III. THE TRIAL COURT COMMITTED PLAIN AND REVERSIBLE ERROR WHEN IT ORDERED DEFENDANT TO PAY RESTITUTION IN THE AMOUNT OF $999.00."

I.

{¶15} In his first assignment of error, Andrews contends that his conviction is against the manifest weight of the evidence. Specifically, Andrews argues there is no direct evidence that he took any money from his employer and not enough circumstantial evidence that he deprived his employer of any property of any value.

{¶16} Our review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which requires a court of appeals to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.; see also *McDaniel v. Brown*, 558 U.S. 120, 130 S.Ct. 665, 673, 175 L.Ed.2d 582(2010) (reaffirming this standard); *State v. Fry*, 125 Ohio St.3d 163, 926 N.E.2d 1239, 2010–Ohio–1017, ¶146; *State v. Clay*, 187 Ohio App.3d 633, 933 N.E.2d 296, 2010–Ohio–2720, ¶68.

{¶17} Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997). Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing

the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue, which is to be established before them.  Weight is not a question of mathematics, but depends on its effect in inducing belief."  Id. at 387, 678 N.E.2d 541, *quoting* Black's Law Dictionary (6th Ed. 1990) at 1594.

{¶18}  When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the fact finder's resolution of the conflicting testimony.  Id. at 387, 678 N.E.2d 541, *quoting Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).  However, an appellate court may not merely substitute its view for that of the jury, but must find that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"  *State v. Thompkins, supra*, 78 Ohio St.3d at 387, *quoting State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721 (1st Dist. 1983).  Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'"  Id.

"[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.

\* \* \*

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with

the verdict and judgment, most favorable to sustaining the verdict and

judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn.

3, *quoting* 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

{¶19} Andrews was convicted of theft. R.C. 2913.02 provides in relevant part,

(A) No person, with purpose to deprive the owner of property or

services, shall knowingly obtain or exert control over either the property or

services in any of the following ways:

(1) Without the consent of the owner or person authorized to give

consent;

(2) Beyond the scope of the express or implied consent of the owner

or person authorized to give consent;

(3) By deception;

(4) By threat;

(5) By intimidation.

(B)(1) Whoever violates this section is guilty of theft.

(2) Except as otherwise provided in this division or division (B)(3),

(4), (5), (6), (7), (8), or (9) of this section, a violation of this section is petty

theft, a misdemeanor of the first degree. If the value of the property or

services stolen is one thousand dollars or more and is less than seven

thousand five hundred dollars or if the property stolen is any of the property

listed in section 2913.71 of the Revised Code, a violation of this section is

theft, a felony of the fifth degree. If the value of the property or services

stolen is seven thousand five hundred dollars or more and is less than one hundred fifty thousand dollars, a violation of this section is grand theft, a felony of the fourth degree.  If the value of the property or services stolen is one hundred fifty thousand dollars or more and is less than seven hundred fifty thousand dollars, a violation of this section is aggravated theft, a felony of the third degree.  If the value of the property or services is seven hundred fifty thousand dollars or more and is less than one million five hundred thousand dollars, a violation of this section is aggravated theft, a felony of the second degree.  If the value of the property or services stolen is one million five hundred thousand dollars or more, a violation of this section is aggravated theft of one million five hundred thousand dollars or more, a felony of the first degree.

{¶20}  Andrews argues the evidence, both direct and circumstantial is insufficient to prove that he took any money from the kiosks.

{¶21}  Because the jury found Andrews guilty of taking less than $1,000, we will confine our analysis to that amount.

{¶22}  In the case at bar, the parties agreed that Andrews was put in charge of the kiosks on February 12, 2015.  The parties further agreed that Andrews had the only set of keys necessary to enter the kiosks, the cage area, the cabinet, the money bags and the safe.  Dennis Falatach the operations manager for the vending side of the operation testified that he saw Andrew at the operation that day.  (2T. at 198).  When the money bag was not delivered to the Branch Warehouse Manager, Mr. Falatach retrieved a key from the Marysville office and drove to the operation to pull the money from the kiosks.

(2T. at 199-200). Mr. Falatach generated a receipt that indicated there should be over $1,000 in the kiosk. Mr. Falatach counted the money he retrieved and found "somewhere around 5, 6, $700" was missing (2T. at 202).

**{¶23}** Viewing the evidence in the case at bar in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Andrews committed a misdemeanor theft

**{¶24}** We hold, therefore, that the state met its burden of production regarding each element of the crime of theft and, accordingly, there was sufficient evidence to prove Andrews's conviction.

**{¶25}** As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence, upon which the fact finder could base his or her judgment. *Cross Truck v. Jeffries*, 5th Dist. Stark No. CA–5758, 1982 WL 2911(Feb. 10, 1982). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction*, 54 Ohio St.2d 279, 376 N.E.2d 578(1978). The Ohio Supreme Court has emphasized: "'[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *.'" *Eastley v. Volkman,* 132 Ohio St.3d 328, 334, 972 N.E. 2d 517, 2012-Ohio-2179, *quoting Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, *quoting* 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191–192 (1978). Furthermore, it is well established that the trial court is

in the best position to determine the credibility of witnesses. *See, e.g., In re Brown*, 9th Dist. No. 21004, 2002–Ohio–3405, ¶ 9, *citing State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212(1967).

{¶26} Ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment for that of the original trier of fact 'unless it is patently apparent that the fact finder lost its way.'" *State v. Pallai*, 7th Dist. Mahoning No. 07 MA 198, 2008-Ohio-6635, ¶31, *quoting State v. Woullard*, 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964 (2nd Dist. 2004), ¶ 81. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke*, 7th Dist. Mahoning No. 99 CA 149, 2002-Ohio-1152, at ¶ 13, *citing State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist. 1999).

{¶27} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212(1967), paragraph one of the syllabus; *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶118. *Accord, Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

{¶28} The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or

sufficiency of the evidence." *State v. Craig*, 10th Dist. Franklin No. 99AP-739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09-1236, 1996 WL 284714 (May 28, 1996). Indeed, the jury need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver,* 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, ¶21, *citing State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke,* 10th Dist. Franklin No. 02AP-1238, 2003-Ohio-2889, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks,* 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991), paragraph one of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997).*

{¶29} In the case at bar, the jury heard the witnesses, viewed the photographic evidence and heard Andrews' arguments concerning the other individuals who had borrowed the keys, and missing money bags prior to when he became responsible for the kiosks. The jury did not find Andrews guilty of felony theft indicating that the jury considered his arguments and did not find that he had taken all the money that was testified to as being missing.

{¶30} We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997), *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. The jury neither lost his way nor created a miscarriage of justice in convicting Andrews of the charge.

**{¶31}** Based upon the foregoing and the entire record in this matter, we find Andrews conviction is not against the sufficiency or the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before them. The jury as a trier of fact can reach different conclusions concerning the credibility of the testimony of the state's witnesses and Andrews and his arguments. This court will not disturb the jury's finding so long as competent evidence was present to support it. *State v. Walker*, 55 Ohio St.2d 208, 378 N.E.2d 1049 (1978). The jury heard the witnesses, evaluated the evidence, and was convinced of Andrews's guilt.

**{¶32}** Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crimes of theft beyond a reasonable doubt.

**{¶33}** Andrews' first assignment of error is overruled.

## II & III.

**{¶34}** Because Andrews' second and third assignments of error both concern the propriety of the trial court's restitution order, we shall address the assignments of error together.

**{¶35}** Andrews contends that the trial court was required to hold a hearing before ordering restitution and further, that there is no basis to support an order of restitution in the amount of $999.99.

**{¶36}** R.C. 2929.18 states in pertinent part,

(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the

offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose upon the offender a fine in accordance with that section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.

{¶37} R.C. 2929.18(A)(1) provides that, "[i]f the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount." Accordingly, the statute mandates that the court must conduct a hearing if the offender, victim, or survivor disputes the amount. *State v. Lalain,* 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, ¶3.

{¶38} In the case at bar, the following exchange occurred during the sentencing hearing,

> You heard the facts in this case; obviously, Mr. Andrews contested that he never took any of the funds. Obviously, the jury came to a conclusion that he took some amount. We don't know what that amount would be other than something less than $1,000.
>
> At this point I would indicate to the Court there's no basis on which to make a restitution order because there's nothing in front of the Court showing exactly what the jury determined was the misdemeanor amount that was taken. So we would ask that the Court not make a restitution order because there's no evidence to show for a restitution order, and then take the other things into consideration. Thank you.

Sent. T. at 9-10.

{¶39} As we indicated in our disposition of Andrews' first assignment of error, Mr. Falatach counted the money he retrieved and found "somewhere around 5, 6, $700" was missing (2T. at 202). We find this evidence is insufficient to show the amount of actual economic loss with reasonable certainty.

**{¶40}** A trial court abuses its discretion in ordering restitution in an amount that was not determined to bear a reasonable relation-ship to the actual loss suffered. *State v. Williams*, 34 Ohio App.3d 33, 516 N.E.2d 1270 (2nd Dist. 1986).

**{¶41}** Therefore, we find the trial court abused its discretion in ordering Andrews to pay restitution in the amount of $999.99.

**{¶42}** Andrews' second and third assignments of error are sustained. The order of restitution in the amount of $999.99 is vacated and the matter is remanded for an evidentiary hearing on restitution.

**{¶43}** For the foregoing reasons, the judgment of the Delaware County Court of Common Pleas is affirmed in part and reversed in part and this case is remanded to that court to conduct and evidentiary hearing on the amount of restitution.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur