[Cite as *State v. Poff*, 2021-Ohio-384.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 20AP0005 |
| BRIAN JAMES POFF | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

| CHARACTER OF PROCEEDING: | Criminal appeal from Morgan County Court of Common Pleas, Case No. 19CR0027 |
|---|---|
| JUDGMENT: | Affirmed in part, reversed in part and remanded |
| DATE OF JUDGMENT ENTRY: | February 11, 2021 |

APPEARANCES:

For Plaintiff-Appellee

MARK HOWDYSHELL
Morgan County Assistant Prosecutor
109 East Main Street
McConnelsville, OH 43756

For Defendant-Appellant

BRIAN W. BENBOW
265 Sunrise Center Drive
Zanesville, OH 43701

*Gwin, P.J.*

{¶1} Defendant-appellant Brian James Poff ["Poff"] appeals his sentence after a negotiated guilty plea in the Morgan County Court of Common Pleas.

*Facts and Procedural History*

{¶2} C.A. and Brian Poff had been lifelong friends. On May 2, 2019 the pair traveled to a campsite on Creek Road, Beverly, Ohio, as they had done many times before for the past thirty-five years. Sometime after dark, after the consumption of beer, whiskey, and marijuana by C.A. and Poff, a spontaneous, heated argument broke out among the two friends. The record contains no explanation of the genesis or nature of the heated argument. The disagreement between the two continued to escalate to the point where Poff threw C.A.'s belongings into a fire pit and burned them. A short time later Poff went inside the camper and came outside with a hand gun. Poff began to shoot at C.A. As C.A. begins to flee, Poff chases after him while continuing to shoot.

{¶3} C.A. was struck multiple times by bullets fired from a .9-millimeter handgun. C.A. had bullet wounds to his upper body and to his lower body, and he had a bullet wound that went through his ankle on a downward trajectory which caused very significant injuries for which C.A. has had to have multiple surgeries.

{¶4} Poff called emergency services to come to the aid of C.A. When they arrived Poff denied involvement in the shooting of his friend.

{¶5} On May 14, 2019, the Morgan County Grand Jury indicted Poff on three separate counts, felonious assault (serious physical harm) in violation of R.C. 2903.11(A)(1), felonious assault (deadly weapon) in violation of R.C. 2903.11(A)(2), and

attempted murder in violation of R.C. 2923.02(a) and R.C. 2923.02(A)(2). Each count included a three-year firearm specification.

{¶6}    As part of a negotiated plea, Counts Two and Three of the Indictment were dismissed and the firearm specification was reduced to one year.   On April 24, 2020, Poff entered a negotiated guilty plea to Count 1 of the Indictment, Felonious Assault (serious physical harm) in violation of R.C. 2903.11(A)(1), along with the amended one-year firearm specification in violation of R.C. 2941.141. The trial court deferred sentencing and order the preparation of a Pre-sentence Investigation Report ["PSI"].

{¶7}    The PSI report indicates that Poff was interviewed and declined to give his version of the facts upon advice of counsel.

{¶8}    On August 5, 2020, the trial court sentenced Poff to serve a stated prison term of seven years for the felonious assault, plus the mandatory one-year prison sentence on the firearm specification. The trial court further fined Poff $15,000.00 and ordered restitution of $12,000.00 to the victim, C.A. The trial court ordered Poff to pay the costs of prosecution, the court costs and court-appointed counsel fees.

*Assignments of Error*

{¶9}    Poff raises three Assignments of Error,

{¶10} "I. THE COURT ERRED IN IMPOSING A SENTENCE THAT WAS GROSSLY DISPROPORTIONATE TO APPELLANT'S CONDUCT AND NOT IN ACCORDANCE WITH STATUTES GOVERNING FELONY SENTENCING AND WHICH DEMONSTRATES A UNCESSARY BURDEN ON STATE RESOURCES.

{¶11} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING $12,000.00 IN RESTITUTION IN A CASE WHERE THE VICTIM DID NOT SUSTAIN THE

BURDEN OF PROOF TO A REASONABLE DEGREE OF CERTAINTY. THE TRIAL COURT FURTHER ERRED IN IMPOSING RESTITUTION WITHOUT FIRST CONSIDERING APPELLANT'S ABILITY TO PAY.

{¶12} THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING A $15,000.00 FINE WITHOUT FIRST CONSIDERING APPELLANT'S ABILITY TO PAY AFTER IMPOSING AN EXCESSIVE FINE, UNFOUNDED RESITUTION, AND A LENGTHY PRISON SENTENCE.

{¶13} "III. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO STRICKLAND v. WASHINGTON (1984), 466 U.S, 668, 80 L.Ed.2d 674, 104 S.Ct. 2052."

I.

{¶14} In his First Assignment of Error, Poff argues that the trial court erred when it imposed a prison sentence that was contrary to law and not supported by the record.

**Standard of Review.**

{¶15} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

**{¶16}** Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477 120 N.E.2d 118.

**{¶17}** Recently, the Ohio Supreme Court reviewed the issue of "whether a sentence is "contrary to law" under R.C. 2953.08(G)(2)(b) when an appellate court finds that the record does not support a sentence with respect to R.C. 2929.11 and 2929.12." *State v. Jones,* Oh. Sup. Ct. No. 2018-0444, 2020-Ohio-6729, 2020 WL 7409669(Dec. 18, 2020).[1] A plurality of the Court in *Jones* found,

> Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12. In particular, R.C. 2953.08(G)(2) does not permit an appellate court to conduct a freestanding inquiry like the independent sentence evaluation this court must conduct under R.C. 2929.05(A) when reviewing a death penalty-sentence. See *State v. Hundley*, ⸺ Ohio St.3d ⸺, 2020-Ohio-3775, ⸺ N.E.3d —, ¶

---

[1] We note that *Jones* was decided after briefs were filed in the case at bar. However, *Jones* does not change the law; rather, *Jones* simply clarifies existing law and precedents.

128 (recognizing that R.C. 2929.05(A) requires de novo review of findings and other issues within its scope).

2020-Ohio-6729, 2020 WL 7409669, ¶ 42. The Court in *Jones* noted that,

R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that "the record does not support the sentencing court's findings under" certain specified statutory provisions. But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a). Only R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I) are specified.

2020-Ohio-6729, 2020 WL 7409669, ¶ 28. The plurality concluded,

R.C. 2953.08(G)(2)(b) therefore does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.

2020-Ohio-6729, 2020 WL 7409669, ¶39.  The Court clarified,

The statements in Marcum at ¶ 23 suggesting that it would be "fully consistent" with  R.C. 2953.08(G) for an appellate court to modify or vacate a sentence when the record does not support the sentence under R.C. 2929.11 or  2929.12 were made only in passing and were not essential to this court's legal holding. The statements are therefore dicta.

2020-Ohio-6729, 2020 WL 7409669, ¶ 27.

**Issue for Appellate Review:** *Whether the record clearly and convincing does not support Poff's sentence under* 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I).

**R.C. 2929.13(B).**

{¶18} R.C. 2929.13(B) applies to one convicted of a fourth- or fifth-degree felony. Poff was not convicted of a fourth- or fifth-degree felony.

**R.C. 2929.13(C).**

{¶19} R.C. 2929.13(C) applies to one convicted of a third-degree felony. This provision therefore does not apply in Poff's case.

**R.C. 2929.13(D).**

{¶20} R.C. 2929.13(D) (1) applies to one convicted of a felony of the first or second degree, for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, and for a violation of division (A)(4) or (B) of section 2907.05 of the Revised Code for which a presumption in favor of a prison term is specified as being applicable.

{¶21} R.C. 2929.13(D)(1) provides that when sentencing for a first or second-degree felony "it is presumed that a prison sentence is necessary in order to comply with the purposes and principles of sentencing." Nonetheless, R.C. 2929.13(D)(2) provides that "[n]otwithstanding the presumption * * * the sentencing court *may* impose a community control sanction," (emphasis added), but only if the sentencing court finds that a community control sanction would (1) adequately punish the offender and protect the public from future crime, and (2) not demean the seriousness of the offense because the statutory less serious sentencing factors outweigh the more serious factors.

{¶22} Thus, in order to impose a community control sanction in the instant case, the trial court would have been required to find that such a sanction would adequately

punish Poff, that Poff was less likely to re-offend, and that such a sanction would not demean the seriousness of the offense because Poff's conduct was less serious than conduct normally constituting the offense. *State v. Morin*, 5th Dist. Fairfield No. 2008–CA–10, 2008–Ohio–6707, 2008 WL 5265857, ¶ 27.

{¶23} In the case at bar, the trial court weighed and considered R.C. 2929.13(D) in Poff's case and found Poff failed to overcome the presumption of imprisonment. Sent. T. at 33-35.

### R.C. 2929.14 (B)(2)(e).

{¶24} R.C. 2929.14(B)(2)(e) concerns additional prison sentences that a trial court can impose upon a defendant under specified circumstances. Poff was not given an additional prison sentence.

### R.C. 2929.14 (C)(4) Consecutive Sentences.

{¶25} This factor is not applicable to Poff's case.

### R.C. 2929.20.

{¶26} R.C. 2929.20 (I) is inapplicable, as Poff was not applying to the court for judicial release.

{¶27} In *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the court discussed the effect of the *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470 decision on felony sentencing. The court stated that in *Foster* the Court severed the judicial-fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and ¶ 11, *citing Foster* at ¶ 100, *See*

*also, State v. Payne*, 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823.

{¶28} "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶ 13, *see also State v. Mathis,* 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1; *State v. Firouzmandi* supra at ¶ 29.

{¶29} Thus, post-*Foster,* "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter*, 5th Dist. No. 2006–CA–0025, 2006–Ohio–4061; *State v. Delong,* 4th Dist. No. 05CA815, 2006–Ohio–2753 at ¶ 7–8. Therefore, post-*Foster*, trial courts are still required to consider the general guidance factors in their sentencing decisions.

{¶30} There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431(4th Dist. 1995); *State v. Gant*, 7th Dist. Mahoning No. 04 MA 252, 2006–Ohio–1469, ¶ 60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), *citing State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes*, 6th Dist. Wood No. WD–05–024, 2005–Ohio–6405, ¶10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods*, 5th Dist. Richland No. 05 CA 46, 2006–Ohio–1342, ¶ 19 ("... R.C. 2929.12 does not require specific

language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors") (citations omitted); *State v. Taylor,* 5th Dist. Richland No. 17CA29, 2017-Ohio-8996, ¶23. In *State v. Bump,* this Court observed,

> The failure to indicate at the sentencing hearing the court has considered the factors in R.C. 2929.11 and 2929.12 does not automatically require reversal. *State v. Reed,* 10th Dist. No. 09AP–1163, 2010–Ohio–5819, ¶ 8. "When the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes." Id., *citing Kalish* at ¶ 18, fn. 4. "The Code does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 2000–Ohio–302.

5th Dist. Ashland No. 11-COA-028, 2012-Ohio-337, ¶12. *See, also, State v. Cyrus,* 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992) ("Nothing in the statute or the decisions of this court imposes any duty on the trial court to set forth its reasoning.").

{¶31} In the case at bar, the trial court considered the PSI report and the statements made during the sentencing hearing. Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code. While Poff may disagree with the weight given to these factors by the trial judge,

Poff's sentence was within the applicable statutory range and therefore, we have no basis for concluding that it is contrary to law.  R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones,* Oh. Sup. Ct. No. 2018-0444, 2020-Ohio-6729, 2020 WL 7409669(Dec. 18, 2020), ¶39.

{¶32}  Poff's First Assignment of Error is overruled.

II.

{¶33}  In his Second Assignment of Error, Poff contends that the Trial Court erred by awarding restitution and an excessive fine based upon speculation and further, the trial court did not inquire into Poff's ability to pay.

**Standard of Review.**

{¶34}  We review felony sentences using the standard of review set forth in R.C. 2953.08.  *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31.  R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

{¶35}  Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus.  *See also, In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985).  "Where the

degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477 120 N.E.2d 118.

## Restitution

{¶36} R.C. 2929.18(A)(1) authorizes a trial court to impose restitution as part of a sentence in order to compensate the victim for economic loss. "A trial court has discretion to order restitution in an appropriate case and may base the amount it orders on a recommendation of the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, but the amount ordered cannot be greater than the amount of economic loss suffered as a direct and proximate result of the commission of the offense." *State v. Lalain*, 136 Ohio St.3d 248, 2013–Ohio–3093, paragraph one of the syllabus; R.C. 2929.18(A)(1). As relevant here, "[e]conomic loss" is defined in R.C. 2929.01(L) as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any * * * medical cost * * * incurred as a result of the commission of the offense." A court's order of restitution must be supported by competent, credible evidence. *State v. Warner*, 55 Ohio St.3d 31, 69(1990).

{¶37} R.C. 2929.18(A)(1) provides that, "[i]f the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount." Accordingly, the statute mandates that the court must conduct a hearing if the offender, victim, or survivor disputes the amount. *State v. Lalain*, 136 Ohio

St.3d 248, 2013–Ohio–3093, 994 N.E.2d 423, ¶ 3. *Accord, State v. Andrews,* 5th Dist. Delaware No. 15 CAA 12 0099, 2016-Ohio-7389, ¶37.

**Issue for Appellate Review:** *Whether Poff disputed the amount of restitution ordered by the trial judge.*

{¶38} In the case at bar, the following exchange took place during the sentencing hearing,

MR. HOWDYSHELL: Your Honor, before he does so, I -- I've told him -- I've told [the victim] that the Court will have no ability to make a finding for restitution unless he gives the Court a basis for that. So I would ask for him to do so at this time.

THE COURT: How much do you have out-of-pocket expenses? What's your expenses on this?

[THE VICTIM] It's between –

THE COURT: Money.

[THE VICTIM] It's between 12 and 15,000.

HE COURT: Well, that's -- that's a range.

[THE VICTIM] I -- I couldn't –

THE COURT: That's not a number.

[THE VICTIM]: I think it's – I couldn't give you a number. I don't have exact receipts. I -- you know, I couldn't start, you know, doing the mileage calculations, the -- the food, like all the medicines, the oils, the massages, you know, the gym memberships. I'd be -- you know, it's – you know, I --

that -- that's -- that's -- I -- I wish that      could do better and give you a number.

THE COURT: You're saying between 12 and 15,000?

[THE VICTIM]: Yes, your Honor, out of pocket.

THE COURT: So it's at least 12?

[THE VICTIM]: Yes.

THE COURT: There may be more but you're not sure, but it couldn't be more than 15?

[THE VICTIM]: That -- that is my  estimate.    That   --   that's   a reasonable estimate.

THE COURT: That's what you're telling us?

[THE VICTIM]: Yes.

THE COURT: All right. All right. Good enough then. Do you have anything else you want to say?

[THE VICTIM]: No, your Honor. Thank you.

Sent. T. at 29-30. After the trial court sentenced Poff, including ordering restitution in the amount of $12,000.00, Poff's attorney stated,

MR WHITACRE: Also, with respect to restitution, obviously, I was not provided any materials with respect to restitution, was not provided any amounts of restitution. Obviously, the defendant's -- hasn't provided any documentation outlining what his restitution amount is.

THE COURT: All right.

MR. WHITACRE: So we would just object to that for the record as well.

Sent. T. at 38.

{¶39}  It is undisputed that the victim suffered economic loss as a result of Poff's conduct. After reviewing the record, we find that the trial court erred by ordering restitution in the amount of $12,000. When an offender disputes the amount of restitution, R.C. 2929.28(A)(1) provides that "the court *shall* hold an evidentiary hearing on restitution [.]" (Emphasis added). Once the court determines the amount of restitution at sentencing, the defendant is given the opportunity to dispute the amount. If the amount is disputed, then a hearing must be held to establish the appropriate amount of restitution. *Lalain* at ¶ 22.

{¶40}  We find the evidence is insufficient to show the amount of actual economic loss with reasonable certainty and further, that Poff objected to the amount of restitution.

**Fines and Court Costs**

{¶41}  Poff further objects the trial court's imposition of a $15,000.00 fine and court costs because the trial court did not first determine his ability to pay.

{¶42}  By statute, the imposition of court costs on all convicted defendants is mandatory. R.C. 2947.23(A)(1)(a) reads: "In all criminal cases, including violations of ordinances, the judge or magistrate *shall* include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs." (Emphasis added.) As the Supreme Court has explained, this strict statutory language "*requires* a court to impose costs against all convicted defendants," indigent or not. (Emphasis sic.) *State v. White*, 103 Ohio St.3d

580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8; *State v. Taylor,* __Ohio St.3d__, 2020-Ohio-3514(July 2, 2020).

{¶43} R.C. 2929.19(B)(5) provides that before imposing a financial sanction, including a mandatory fine under R.C. 2929.18(B)(1), "the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." There are no express factors that must be considered or specific findings that must be made regarding the offender's ability to pay. *State v. Saracco–Rios,* 12th Dist. Madison Nos. CA2016–02–011 and CA2016–03–014, 2016–Ohio–7192, ¶ 10. Compliance with R.C. 2929.19(B)(5) can be shown through the trial court's use of a PSI report, which often provides financial and personal information of the offender, in order to aid the trial court in making its determination. *State v. Johnson,* 12th Dist. Butler No. CA2011-11-212, 2014–Ohio–3776, ¶ 12.

{¶44} During the sentencing hearing, Poff's attorney told the trial court,

Another good trait about my client is his work history. He's always worked. Currently, he was employed with Kinney Excavating, has been there since 2014. Prior to that, he's been with the union and in and out of construction jobs with the union. There's no doubt that he is a productive member of society.

* * *

I do have a letter from his employer. I'd like to just present that to the Court. Briefly it just indicates my client's work ability, the fact that he showed up -- Indicates he showed up to work on time and always had the I'll-work-harder-than-you attitude. My client was actually very proud to receive that

letter, didn't know that his boss felt that way about him. So he's -- he's glad to know that when he gets released, that letter would indicate that he still has a job there.

And I think that says a lot about a company, knowing what these facts are, knowing that my client's going to be convicted of a felon -- felony, knowing that he's going to go to prison, that when he gets out, he has a job.

I think that has a lot to say about a person.

Sent. T. at 15-17. The PSI report indicates that Poff was earning $39.73 per hour. Poff further indicated that his monthly income was approximately $2,400.00 per month.

{¶45} The trial court stated that it considered the PSI report. The trial court therefore considered Poff's ability to pay the fines. Furthermore, Poff made no objection regarding his ability to pay the fines during the sentencing hearing.

{¶46} Poff's Second Assignment of Error is overruled with respect to his arguments that the trial court erred in ordering Poff to pay a $15,000.00 fine and court costs.

{¶47} Poff's Second Assignment of Error is sustained as it pertains to the trial court's restitution order. The trial court's order of restitution is vacated, and the matter is remanded to the trial court for an evidentiary hearing pursuant to R.C. 2929.28(A)(1).

III.

{¶48} In his Third Assignment of Error, Poff contends that his trial counsel was ineffective. Specifically, Poff argues that he was denied effective assistance of counsel by his attorney recommending that he not speak to the pre-sentence investigator concerning the facts of the case and did not demonstrate remorse. In addition, Poff

suggests that if we find his attorney did not request a hearing on the amount of restitution, then counsel rendered ineffective assistance.

### Standard of Review.

{¶49} A claim for ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373(1989).

{¶50} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. *Bradley* at 142, 538 N.E.2d 373. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any give case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id.

{¶51} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel. *Lockhart v. Fretwell*, 506 U .S. 364, 370, 113 S.Ct. 838, 122 L.Ed.2d 180(1993).

{¶52} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "* * * need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged

deficiencies." *Bradley* at 143, 538 N.E.2d 373, quoting *Strickland* at 697. As such, we will direct our attention to the second prong of the *Strickland* test.

**Issue for Appellate Review:** *Whether there is a reasonable probability that, but for counsel's errors the result of the proceeding would have been different.*

{¶53} Having reviewed the record that Poff cites in support of his claim that he was denied effective assistance of counsel, we find Poff was not prejudiced by defense counsel's representation of him. The result of the trial was not unreliable nor were the proceedings fundamentally unfair because of the performance of defense counsel. The attempted murder charge was dismissed and the firearm specification was reduced to one year through counsel's efforts.

{¶54} Therefore, Poff has failed to establish that he has been prejudice by trial counsel's performance.

{¶55} Poff's Third Assignment of Error is overruled.

{¶56}  For the foregoing reasons, the judgment of the Morgan County Court of Common Pleas is affirmed, in part and reversed in part. The trial court's order of restitution is vacated, and the matter is remanded to the trial court for an evidentiary hearing on the amount of restitution pursuant to R.C. 2929.28(A)(1).

By Gwin, P.J.,

Hoffman, J., and

Wise, John, J. concur

WSG:clw 0205