[Cite as *State v. Canter*, 2026-Ohio-631.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25CA000018 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Guernsey County Court of Common Pleas, Case No. 24-CR-159 |
| DUSTIN L. CANTER, | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: February 23, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Judges

**APPEARANCES:** MARK A. PERLAKY, for Plaintiff-Appellee; TODD W. BARSTOW, for Defendant-Appellant.

*Montgomery, J.*

**{¶1}** Defendant/Appellant Dustin Canter ("Canter") appeals the Guernsey County Court of Common Pleas' Judgment Entry of Sentence ordering him to pay restitution to the victim. Canter argues that the trial court violated his rights under the Fourteenth Amendment to the United States Constitution and Article One, Section 16, of the Ohio Constitution. We disagree and affirm the trial court's decision.

## STATEMENT OF THE CASE

{¶2} Canter was indicted in the Guernsey County Common Pleas Court on September 10, 2024, on one count of Theft from a Person in a Protected Class in violation of R.C. 2913.02(A)(1).

{¶3} According to the Bill of Particulars, Canter sold jewelry that did not belong to him to various pawn shops and jewelry stores.

{¶4} Canter and the State of Ohio entered into a negotiated plea agreement on April 24, 2025, wherein the indictment was amended to a charge of Receiving Stolen Property in violation of R.C. 2913.51(A) & (C). *Change of Plea Hearing Transcript*, p. 6.

{¶5} On the same date, Canter signed a Plea of No Contest that incorporated the terms of the negotiated plea agreement. The Plea of No Contest stated the following:

- "The State of Ohio will seek restitution." *Id.*, p. 3.

- "The State of Ohio reserves the right to be heard at sentencing." *Id.*

- "Restitution to be determined at Sentencing Hearing." *Id.*

{¶6} Canter's Plea of No Contest was accepted by the trial court and the trial court found him guilty of Receiving Stolen Property. *4/2425 Judgment Entry*.

{¶7} A sentencing hearing was held on May 30, 2025, wherein the trial court sentenced Canter to twelve (12) months in prison and ordered him to pay restitution to the victim in the amount of $4,846.00. *Judgment Entry of Sentence*, pp. 1, 2.

{¶8} Canter timely appealed the trial court's Judgment Entry of Sentence and asserts the following assignment of error:

{¶9} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING HIM A MEANINGFUL HEARING ON THE ISSUES OF RESTITUTION IN

VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION."

## STANDARD OF REVIEW

{¶10} This Court reviews felony sentences using the standard of review set forth in Ohio Revised Code R.C. 2953.08.

{¶11} R.C. 2953.08(G)(2) provides in part, "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing."

{¶12} R.C. 2953.08(G)(2) further provides, "The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

**(a)**  That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**(b)**  That the sentence is otherwise contrary to law.

{¶13} The Ohio Supreme Court set forth the standard of review to be used by an appellate court when reviewing a felony sentence in *State v. Marcum*, 2016-Ohio-1002.

{¶14} The *Marcum* court, citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954) paragraph three of syllabus, states, "[a]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.,* at 521, 522.

**{¶15}** Therefore, this Court cannot modify or vacate a felony sentence unless we clearly and convincingly find that the record does not support the sentence. *Id.*

**{¶16}** Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross*, *at* paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, at 477.

## ANALYSIS

**{¶17}** Canter argues in his sole assignment of error that the trial court violated his right to due process under the Fourteenth Amendment to the United States Constitution and Article One, Section 16, of the Ohio Constitution when the trial court addressed the issue of restitution during the sentencing hearing. *Appellant Brief*, p. 1.

**{¶18}** The Ohio Supreme Court has stated, "Although the concept is flexible, at its core, procedural due process under both the Ohio and United States Constitutions requires, at a minimum, an opportunity to be heard when the state seeks to infringe a protected liberty or property right." *State v. Cowan*, 103 Ohio St.3d 144, 146 (2004), citing *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976). *Cowan* goes on to state, "[t]he opportunity to be heard must occur at a meaningful time and in a meaningful manner." *Id.*

**{¶19}** Canter argues that he was denied his right to be heard in a meaningful manner and that the trial court did not comply with R.C. 2929.18(A)(1) when it addressed the issue of restitution during the sentencing hearing. *Appellant Brief*, p. 1.

**{¶20}** R.C. 2929.18 provides procedures and authorizes a trial court to impose restitution as part of a sentence in order to compensate the victim for economic loss.

**{¶21}** R.C. 2929.18(A)(1) states in part, "The court shall hold a hearing on restitution if the offender, victim, victim's representative, or victim's estate disputes the amount."

**{¶22}** This Court has determined, "[t]he statute mandates that the court must conduct a hearing if the offender, victim, or survivor disputes the amount." *State v. Andrews*, 2016-Ohio-7389, ¶ 37 (5th Dist.).

**{¶23}** During the plea hearing, the State informed the trial court and Canter that it would seek restitution and approximated the amount to be $20,000.00. *Change of Plea Hearing Transcript,* p. 14. Since Canter disputed the amount approximated by the State, the trial court set the matter for hearing. Canter agreed that the required restitution hearing would be held during the sentencing hearing. The trial court informed him, "We're going to hear argument, testimony, evidence regarding that and I'll make that decision." *Id.*, p. 15. The judge then inquired of Canter, "Knowing all this, Mr. Canter, do you still wish to proceed with the terms of the negotiated plea?" *Id.*, p. 16. Canter responded in the affirmative. *Id.*

**{¶24}** At the onset of the sentencing hearing, the trial judge once again reiterated that pursuant to the terms of the negotiated plea agreement, restitution would be determined at the sentencing hearing. Canter again acknowledged that he agreed and was prepared to move forward. *Sentencing Hearing Transcript*, p. 5.

**{¶25}** As agreed upon by the parties, the State and Canter both had the opportunity to call witnesses and provide evidence in support of their positions regarding

restitution at the sentencing hearing. Canter disputed the amount of restitution during the hearing when he "objected to SF's estimate of the value of the stolen jewelry calling it 'speculative' ", argued that "SF was not an expert in jewelry valuation," and that "SF's claim lacked precision as to exactly what items were stolen." *Id.*, pp. 49-55. These arguments were made by counsel for Canter as part of the evidentiary hearing. Defense counsel did not orally request a continuance of the restitution hearing or request a separate hearing.

**{¶26}** At the conclusion of the hearing, the trial court ordered Canter to pay the victim $4,846.00 for restitution. *Id.*, p. 81.

**{¶27}** Following the trial court's order on restitution, the trial judge asked defense counsel, "Mr. Cross, do you have further matters?" Counsel for Canter did not dispute the amount of restitution ordered, only asking the court to repeat the amount. *Id.*, p. 83.

**{¶28}** This Court has held, "Once the court determines the amount of restitution at sentencing, the defendant is given the opportunity to dispute the amount. If the amount is disputed, then a hearing must be held to establish the appropriate amount of restitution." *State v. Poff*, 2021-Ohio-384 ¶ 11 (5th Dist.), citing *State v. Lalain*, 2013-Ohio-3093, ¶ 22 (5th Dist.).

**{¶29}** Canter argues that the trial court violated his due process rights by failing to hold a hearing after he disputed the amount the trial court ordered. However, this Court finds Canter failed to dispute the amount of restitution after the trial court made its order.

**{¶30}** This Court finds, Canter agreed that the trial court would hold an evidentiary hearing during the sentencing hearing. The trial court addressed the issue of restitution at the sentencing hearing and afforded Canter the opportunity to be heard at a meaningful

time and in a meaningful manner. Canter failed to object or request a hearing after the trial court determined the amount of restitution to be paid by Canter to the victim.

{¶31}  Therefore, we find that the record supports Canter's sentence and his right to due process was not violated. Canter's sole assignment of error is overruled.

## CONCLUSION

{¶32}  For the reasons stated in our accompanying Opinion, the judgment of the Guernsey County Court of Common Pleas is Affirmed.

{¶33}  Costs to Appellant.

By: Montgomery, J.

King, P.J. and

Hoffman, J. concur.