[Cite as *State v. Fletcher*, 2021-Ohio-919.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

    Plaintiff-Appellee,                    :          Nos. 19AP-308, 19AP-310

v.                                                                        19AP-311,19AP-312

                                                         :          (C.P.C Nos. 15CR-5787, 18CR-1615,

James B. Fletcher,                                              18CR-6267, 19CR-173)

                                                         :

    Defendant-Appellant.                   :          (REGULAR CALENDAR)

                                                         :

D E C I S I O N

Rendered on March 23, 2021

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee. **Argued:** *Kimberly M. Bond.*

**On brief:** *Yeura Venters*, Public Defender, and *Timothy E. Pierce*, for appellant. **Argued:** *Timothy E. Pierce.*

APPEALS from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, James B. Fletcher, appeals the judgments of the Franklin County Court of Common Pleas in these four consolidated appeals.

{¶ 2} The appeals in Nos. 19AP-310, 19AP-311, and 19AP-312 are direct appeals from Fletcher's theft and stolen property convictions in Franklin C.P. Nos. 18CR-1615, 18CR-6267, and 19CR-173, respectively. The appeal in No. 19AP-308 is an appeal from the revocation of Fletcher's community control in Franklin C.P. No. 15CR-5787; Fletcher was originally sentenced to prison for theft and ordered to pay restitution under that case number by a judgment entry filed on March 29, 2016, but was subsequently granted judicial release and placed on community control sanctions pursuant to a judgment entry filed on July 6, 2017.

{¶ 3} After he was granted judicial release in Franklin C.P. No. 15CR-5787, Fletcher absconded from community control, and while he was a fugitive-at-large he committed the

crimes for which he was convicted in Franklin C.P. Nos. 18CR-1615, 18CR-6267, and 19CR-173. Fletcher asserts a single assignment of error as to all of the cases:

> The lower court erred and violated R.C. 2929.18(A)(1) as well as Appellant's right to Due Process of Law under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1 and 16 of the Ohio Constitution when it failed to conduct a hearing after Appellant disputed the restitution amounts imposed by that court.

{¶ 4} As Fletcher's assignment of error suggests, in each of the cases the court ordered that restitution be paid to the victims of the theft offenses. At his combined plea, community control revocation, and sentencing hearing on April 11, 2019, appellant's counsel objected to the order of restitution, arguing that any of the losses would be insured. (April 11, 2019 Tr. at 26.) Notwithstanding, the court proceeded to order restitution in Franklin C.P. Nos. 18CR-1615, 18CR-6267, and 19CR-173, and to reimpose the restitution originally ordered in Franklin C.P. No. 15CR-5787.

{¶ 5} R.C. 2929.18(A)(1) governs trial court orders of restitution in felony cases, and provides in pertinent part that "the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section * * * [including] Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss * * *. *If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.*" (Emphasis added.)

{¶ 6} Here, the court ordered restitution over Fletcher's objection, but did not hold a hearing to address the disputed amount. For this reason, the state concedes error as to direct appeals from Franklin C.P. Nos. 18CR-1615, 18CR-6267, and 19CR-173. We agree that under the plain language of the statute the court was required to hold a hearing regarding the amount of restitution, and therefore sustain Fletcher's assignment of error as to Nos. 19AP-310, 19AP-311, and 19AP-312. Those judgments are reversed, and the cases are remanded to the trial court for further proceedings consistent with this opinion and R.C. 2929.18.

{¶ 7} But as to the revocation entry in Franklin C.P. No. 15CR-5787 and the restitution imposed in that case, the State argues that Fletcher's challenge is barred by res

judicata. We agree with the state's position on this appeal as well. Fletcher did not object to the imposition of restitution at his sentencing on that case, *see generally* March 24, 2016 Transcript, and he did not file a direct appeal of the sentence in that case. The state correctly observes that in *State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, the Supreme Court of Ohio held that "[a]n order of restitution imposed by the sentencing court on an offender for a felony is part of the sentence and, as such, is a final and appealable order." *Id.* at ¶ 8. *See also State v. Getz*, 12th Dist. No. CA2015-08-159, 2016-Ohio-3397, ¶ 20 ("As the sentencing entry set forth a specific sum in restitution, there was finality in the judgment and a final appealable order had been issued. Thus, the trial court correctly determined it did not have jurisdiction to reconsider its own valid final judgment * * *."). Because the defendant did not object to restitution at the time he was sentenced in Franklin C.P. No. 15CR-5787 and did not file a timely direct appeal of that order, his challenge to the order of restitution in that case is barred.

{¶ 8}    For all these reasons, we sustain Fletcher's assignment of error in Nos. 19AP-310, 19AP-311, and 19AP-312; those cases are reversed and remanded to the Franklin County Court of Common Pleas for further proceedings consistent with this opinion. Fletcher's assignment of error in No. 19AP-308 is overruled, and the judgment of the Franklin County Court of Common Pleas in that case is affirmed.

*Judgments in case Nos. 19AP-310, 19AP-311,*
*and 19AP-312 are reversed and remanded.*
*Case No. 19AP-308 judgment is affirmed.*

KLATT and MENTEL, JJ., concur.