[Cite as *State v. L.K.*, 2024-Ohio-1890.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 23AP-49 |
| v. | : | (REGULAR CALENDAR) |
| [L.K.], | : | |
| Defendant-Appellee. | : | |
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 23AP-50 (C.P.C. No. 09CR-5111) |
| v. | : | (REGULAR CALENDAR) |
| [L.K.], | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on May 16, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Mark R. Wilson*, for appellant. **Argued:** *Mark R. Wilson.*

APPEALS from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from the judgment of the Franklin County Court of Common Pleas granting the application of defendant-appellee, L.K., to seal a criminal case. For the reasons below, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On April 5, 2011, L.K. pled guilty to a charge of non-support of dependents in Franklin C.P. No. 09CR-5111, in violation of R.C. 2919.21, a fifth-degree felony, and was

ordered to pay $21,252.32 in restitution as a financial sanction pursuant to R.C. 2929.18. L.K. had previously pled guilty to the same charges in Franklin C.P. No. 05CR-158 in 2005 and was ordered to make non-support payments as a non-residential community control sanction. L.K. did not appeal either case.

{¶ 3} In case No. 09CR-5111, the judgment entry filed April 5, 2011 reads:

> The Court hereby imposes a period of Community Control, **under intensive supervision, non-support caseload, for three (3) years.** In addition to the provisions of R.C. 2951.02 and the general requirements of the Franklin County Department of Community Control, * * * the Court imposes the following Community Control Sanctions (see R.C. 2925.15, R.C. 2929.16, and R.C. 2929.17): the Defendant shall obtain/maintain verifiable employment; that the Defendant comply with all current and future orders of the Domestic Relations Division relative to child support.
>
> The Court has considered the Defendant's present and future ability to pay a fine and financial sanction and does, pursuant to R.C. 2929.18, hereby renders judgment for the following fine and/or financial sanctions: COURT COSTS WAIVED. NO FINE IMPOSED. **<u>Restitution</u>: that the Defendant pay full restitution in the amount of $21,252.32 to be paid to the Franklin County Child Enforcement Agency, 80 East Fulton Street, Columbus, Ohio 43[2]15.**

(Emphasis sic.) (Apr. 5, 2011 Jgmt. Entry at 1-2.)

{¶ 4} In case No. 05CR-158, the judgment entry filed October 12, 2005 reads:

> The Court hereby imposes a period of Community Control for **Five (5) years**. In addition to the provisions of R.C. 2951.02 and the general requirements of the Franklin County Department of Community Control, * * * the Court imposes the following Community Control Sanctions (See R.C. 2925.15, R.C. 2929.16, and R.C. 2929.17): no new convictions or arrests; Defendant shall be placed on Basic Supervision/ Nonsupport Caseload; Defendant shall obtain a verifiable job, or undergo job training as determined by the Probation Officer; Defendant shall make all Nonsupport payments.
>
> The Court has considered the Defendant's present and future ability to pay a fine and financial sanction and does, pursuant to R.C. 2929.18, hereby render judgment for the following fine and/or financial sanctions: The Defendant having filed with the Court an affidavit stating his indigency pursuant to Ohio

> Revised Code Section 2925.03(L), and it appearing that he is in indigent circumstances, and unable to pay any fine and court costs, the Court finds the Defendant is an indigent person and unable to pay any fine and court costs.

(Oct. 12, 2005 Jgmt. Entry at 2.)

{¶ 5} In July 2007, L.K. was terminated from probation in case No. 05CR-158. In March 2015, L.K. completed the community control sanctions and was terminated from community control in case No. 09CR-5111. L.K. has made payments against his restitution order but has not completed his financial sanction.

{¶ 6} On February 1, 2022, L.K. applied to have his record sealed pursuant to R.C. 2953.32. On March 24, 2022, the state objected in case No. 09CR-5111 due to restitution not being paid in full. There was no objection filed in case No. 05CR-158.

{¶ 7} A hearing was scheduled for May 5, 2022. On May 19, 2022, the trial court filed a criminal disposition sheet withdrawing the expungement application and returning the application fee to L.K., and on June 13, 2022, the trial court issued an order memorializing the same. On June 22, 2022, the trial court issued an entry striking the order withdrawing the expungement application and return of fees. The matter was then set for a hearing.

{¶ 8} On November 15, 2022, L.K. filed a response to the state's March 24, 2022 objection, contending that even though the court identified his child support obligation as restitution, it actually was not restitution, and L.K. is therefore eligible to have his record sealed. The state responded on November 16, 2022, arguing that L.K. had not received final discharge of his sentence, and was not eligible to have his record sealed in case No. 09CR-5111.

{¶ 9} On November 17, 2022, after several continuances, the trial court set the matter for hearing on March 23, 2023. On December 9, 2022, the trial court struck the March 23, 2023 hearing date, and set the matter for hearing on December 22, 2022.

{¶ 10} On December 22, 2022, the trial court found that its prior finding that past due child support is restitution was inappropriate, and sua sponte issued an amended judgment entry stating that, "[t]he Court finds that at this time, restitution does not apply to this case." (Emphasis omitted.) (Case No. 09CR-5111 Dec. 22, 2022 Am. Jgmt. Entry at 2.) Based on the amended entry, the court granted the application to seal the record.

{¶ 11} This matter generated two different appeals, case Nos. 23AP-49 and 23AP-50, which have been consolidated by this court's April 17, 2023 entry. Case No. 23AP-50 is the appeal from the trial court's amendment of the judgment entry to reflect that there is no restitution owed. Case No. 23AP-49 is the appeal of sealing the record in case Nos. 05CR-158 and 09CR-5111.

{¶ 12} The state had an appeal of right in case No. 23AP-49 but sought leave to appeal, pursuant to R.C. 2945.67(A), in case No. 23AP-50. L.K. did not oppose the motion. On April 13, 2023, we found that the state demonstrated a probability that an error occurred and granted leave to appeal.

{¶ 13} L.K. requested two extensions of time to file a brief but failed to do so. On February 5, 2024, L.K. filed a notice of waiver of oral argument. Accordingly, this matter proceeded on the state's brief and oral argument.

## II. ASSIGNMENTS OF ERROR

{¶ 14} Appellant assigns the following as trial court errors:

[1.] The trial court committed reversible error in amending the Judgment Entry in case 09CR-5111.

[2.] The trial court committed reversible error in granting defendant's application, in case 22EP-79, to seal case 09CR-5111.

## III. STANDARD OF REVIEW

{¶ 15} We review a trial court's decision on an application to seal a record of conviction, pursuant to R.C. 2953.32, under an abuse of discretion. *State v. Newkirk*, 10th Dist. No. 19AP-191, 2019-Ohio-4342. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 16} The determination that an applicant is an eligible offender for purposes of sealing a criminal record is an issue of law that we review on a de novo basis. *State v. Paige*, 10th Dist. No. 15AP-510, 2015-Ohio-4876.

## IV. LEGAL ANALYSIS

{¶ 17} The state argues in its first assignment of error that the trial court did not have the authority to sua sponte amend a judgment entry 11 years after it was filed to eliminate restitution.

**{¶ 18}** A criminal sentence is final upon issuance of a final order, and "the trial court's jurisdiction ends" once the time for filling a direct appeal expires. *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, ¶ 9. "Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment." *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, ¶ 1.

**{¶ 19}** " 'An order of restitution imposed by the sentencing court on an offender for a felony is part of the sentence and, as such, is a final and appealable order.' " *State v. Fletcher*, 10th Dist. No. 19AP-308, 2021-Ohio-919, ¶ 7, quoting *State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, at syllabus. A final appealable order in a criminal case must contain: "(1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) a time stamp from the clerk of courts." *State ex rel. McIntyre v. Summit Cty. Court of Common Pleas*, 144 Ohio St.3d 589, 2015-Ohio-5343, ¶ 8. "[O]nly one document can constitute a final appealable judgment of conviction." *State v. Daniels*, 1st Dist. No. C-140242, 2014-Ohio-5160, ¶ 7.

**{¶ 20}** A trial court may use a nunc pro tunc entry to correct a clerical error, pursuant to Crim.R. 36, but may not make substantive changes to a final judgment. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705 (trial court could not use a nunc pro tunc entry to impose restitution that was not imposed as part of the sentence). " '[T]he function of a nunc pro tunc entry is to have the record reflect what the court actually decided and not what the court might have decided or should have decided.' " *Watkins v. Allstate Vehicle & Property Ins. Co.*, 6th Dist. No. L-19-1235, 2020-Ohio-3397, ¶ 49, quoting *Pollock v. Hall*, 6th Dist. No. L-16-1096, 2017-Ohio-1218, ¶ 8, citing *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164 (1995).

**{¶ 21}** Further, a restitution order is exempt from the general rule that a trial court may reduce or even eliminate a financial sanction. *State v. P.J.F.*, 170 Ohio St.3d 332, 2022-Ohio-4152, ¶ 19. The trial court may modify payment terms of a restitution order in a felony case, "but shall not reduce the amount of restitution ordered." R.C. 2929.18(A)(1).

**{¶ 22}** The trial court has no statutory authority to exercise continuing jurisdiction to reduce or remove restitution as a financial sanction. *State v. Purnell*, 171 Ohio App.3d 446, 2006-Ohio-6160 (1st Dist.). Once a court journalizes an offender's sentence, it has no jurisdiction "to decrease the amount of restitution originally imposed at sentencing." *State v. Downey*, 12th Dist. No. CA2016-02-006, 2016-Ohio-5778, ¶ 15. *See also State v.*

*Brasher*, 171 Ohio St.3d 534, 2022-Ohio-4703 (when neither the state nor victims with a constitutional right to restitution under Marsy's Law argued for restitution at sentencing and did not appeal the final judgment without restitution, a mandamus action by the victims requesting a restitution hearing was denied because the original order became final and res judicata attached).

{¶ 23} We find the trial court lacked jurisdiction to amend the judgment entry and remove the order for restitution. The state's first assignment of error is sustained.

{¶ 24} The state argues in its second assignment of error that the trial court committed reversible error in granting the application to seal the record in case No. 09CR-5111.

{¶ 25} An offender can apply to the trial court to have a record of conviction sealed. R.C. 2953.32(B)(1) allows an eligible offender's criminal record to be sealed three years "after the offender's final discharge." The sealing of a criminal record "is a privilege and not a right," and should be done only when all eligibility requirements have been met. *State v. Futrall,* 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6.

{¶ 26} A trial court lacks jurisdiction to grant an application to seal the record if the applicant is not an eligible offender. *State v. Dominy*, 10th Dist. No. 13AP-124, 2013-Ohio-3744. In making a determination that an applicant is an eligible offender, a court must first determine whether he or she has obtained a final discharge. *State v. D.D.F.,* 10th Dist. No. 20AP-10, 2020-Ohio-4663, ¶ 8. In this context, discharge includes all criminal sanctions imposed. *State v. Hoover*, 10th Dist. No. 12AP-818, 2013-Ohio-3337.

{¶ 27} L.K.'s sentence contained non-residential and financial sanctions. R.C. 2929.17 provides for non-residential sanctions, and a trial court may order the payment of child support arrearages as a condition of community control. *State v. Wiley*, 8th Dist. No. 109070, 2020-Ohio-5428. R.C. 2929.18 allows a court to order restitution in the form of past due child support as a financial sanction. *State v. Turns*, 10th Dist. No. 10AP-740, 2011-Ohio-1497.

{¶ 28} The two types of sanctions have key differences, "most importantly here, a financial sanction is imposed in the form of a dollar 'amount' to be paid, R.C. 2929.18, whereas a nonresidential community-control sanction is imposed for a specific 'period' of time, R.C. 2951.02(A), or 'duration,' R.C. 2929.15(A)(1)." *P.J.F.*, 2022-Ohio-4152, at ¶ 15.

**{¶ 29}** There is a distinction when it comes to the discharge of a community-control sanction. "A defendant completes a financial community-control sanction by paying it, and a defendant completes a nonresidential community-control sanction at the end of its duration." *Id.* at ¶ 18.

**{¶ 30}** If payment of child support arrearages is ordered as a condition of community control, the obligation to repay ends when community control is terminated. That is not true for arrearages ordered as a R.C. 2929.18 financial sanction. "While community-control sanctions end after five years, R.C. 2929.15(A)(1), the obligation to pay restitution does not expire due to the passage of time." *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, ¶ 28, citing R.C. 2929.18. When an offender still owes restitution, termination of community control "does not effect a final discharge for purposes of R.C. 2953.32(A)(1)." *Id.* at ¶ 19.

**{¶ 31}** L.K.'s obligation under his R.C. 2929.18 sanction is to pay the total due, because restitution in the form of child support ordered as a financial sanction in the judgment entry must be satisfied before an application to seal the record can be addressed. *P.J.F.* "[A] trial court may not seal an offender's record before the offender has completed all sentencing requirements." *Aguirre* at ¶ 2. "Final discharge cannot occur until restitution is fully paid." *Id.* at ¶ 20.

**{¶ 32}** Because L.K. had not paid the full amount of restitution, there was no final discharge and case No. 09CR-5111 could not be sealed. The state's second assignment of error is sustained.

## V. CONCLUSION

**{¶ 33}** Having sustained the state's two assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas.

*Judgment reversed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____