[Cite as *State v. Allen*, 2024-Ohio-5386.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 24CA1187 |
| Plaintiff-Appellant, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| ROBERT ALLEN, | : | |
| | : | |
| Defendant-Appellee. | : | **RELEASED: 11/07/2024** |

APPEARANCES:

Aaron Haslam, Adams County Prosecuting Attorney, and Tyler E. Cantrell, Assistant Adams County Prosecuting Attorney, West Union, Ohio, for appellant.

Robert Allen, Lockbourne, Ohio, pro se, appellee.[1]

Wilkin, J.

{¶1} The State appeals the Adams County Court's judgment entry finding Robert Allen guilty of theft and ordering Allen to pay the victim, Matthew Rigdon, restitution for the items Allen stole.  In its sole assignment of error, the State asserts that the trial court violated the victim's constitutional rights under Marsy's Law and the prosecution's rights by failing to notify them of the sentencing hearing, and by failing to order a restitution amount of the actual loss suffered by the victim.

{¶2} We are unable to address the merits of the State's arguments because we lack jurisdiction.  The State did not request leave to appeal and the

---

[1] Allen did not appear or otherwise participate in this appeal.

issue presented is not one that the State may appeal as of right pursuant to R.C. 2945.67(A).

FACTS AND PROCEDURAL BACKGROUND

{¶3} In August 2020, a criminal complaint was filed at the Adams County Court alleging Allen committed theft, as a first-degree misdemeanor, in which the value of the items stolen was less than $1,000.   The victim of the offense was Matthew Rigdon.  Allen's arraignment was scheduled for August 17, 2020, but he failed to appear.  A bench warrant was issued on August 19, 2020.  The warrant was recalled on February 9, 2024.

{¶4} The document recalling Allen's bench warrant was sent to Adams County Sheriff's office and requested that Franklin County Sheriff's office be notified, where Allen was arrested.  Additionally, on this document, there are other handwritten notes indicating that there is a court hearing on February 12, 2024.  Based on the case docket, no other notices were sent out.

{¶5} At the February 12, 2024 arraignment hearing, Allen appeared in person without counsel.  Neither the State nor the victim were present.  The trial court provided Allen with a copy of the complaint and read it to him.  Allen informed the trial court that he wished to plead no contest to the offense.  The trial court explained that once he waives his rights and pleads no contest, the trial court may find him guilty of theft with no further proceedings, including a jury trial. Allen responded that he understood.  The trial court then explained the rights Allen would be waiving and questioned Allen to determine whether he was voluntarily, knowingly, and intelligently pleading no contest.

{¶6} Allen indicated that he understood and signed a waiver of right to counsel, waiver of right to jury trial, and a waiver of his constitutional and non-constitutional rights for pleading no contest to theft.  After waiving all these rights, Allen pleaded no contest to the offense of theft as a first-degree misdemeanor. The trial court accepted Allen's no contest plea and asked him to elaborate on the facts of the crime.

{¶7} Allen stated that in June 2020, he had car trouble and needed tools to fix the car.  He took a tool box and a garden hose from the victim, but never returned them.  The trial court accepted the facts as conveyed by Allen and found that the facts supported the finding of guilt.

{¶8} The trial court proceeded to sentencing informing Allen that the court did not wish to send him to jail or place him on probation but that he owes restitution to the victim.  The trial court inquired of the value of the items, and Allen initially estimated $500, and stated that the tool box did not have many items in it.  Allen later advised the trial court that on Amazon the tool box was $295 and a garden hose is $30.  The trial court accepted Allen's valuation of the items and ordered restitution of $325 to be paid to the victim.  Additionally, the trial court ordered Allen to pay court costs and a $50 fine.  The trial court released Allen's $500 bond to be used to pay the court costs, the fine, and restitution.

{¶9} It is from this judgment entry that the State appeals.

ASSIGNMENT OF ERROR

THE COURT ERRED IN ALLOWING SENTENCING TO BE CONDUCTED WITHOUT THE STATE OF OHIO NOR THE VICTIM TO BE PRESENT OR NOTIFIED.

**{¶10}** The State maintains that the trial court violated Crim.R. 32, Crim.R. 37, R.C. 2930, and the Ohio Constitution Article I, Section 10a, when it failed to notify the State nor the victim of the sentencing hearing. According to the State, the trial court proceeded from arraignment to sentencing without any notification to the prosecution or the victim. Thus, the victim's rights were violated where the victim did not have the opportunity to inform the trial court of the actual economic loss he suffered from Allen's theft.

## I.      Law and analysis

**{¶11}** In 2017, Article I, Section 10 of the Ohio Constitution was amended with the voters adopting the initiative known as Marsy's Law. *See State v. Fisk*, 2022-Ohio-4435, ¶ 7, citing Ohio Secretary of State, Ballot Board: 2017. The purpose of the amendment is to "secure for victims justice and due process throughout the criminal and juvenile justice systems[.] " Ohio Const., art. I, §10a(A). The victims' rights "shall be protected in a manner no less vigorous than the rights afforded to the accused" and include:

> (2) upon request, to reasonable and timely notice of all public proceedings involving the criminal offense or delinquent act against the victim, and to be present at all such proceedings;
> (3) to be heard in any public proceeding involving release, plea, sentencing, disposition, or parole, or in any public proceeding in which a right of the victim is implicated;
>       . . .
> (7) to full and timely restitution from the person who committed the criminal offense or delinquent act against the victim;
>       . . .
> (10) to be informed, in writing, of all rights enumerated in this section.

*Id.*, §10a(A)(1), (2), (3), (7) and (10).

**{¶12}** Moreover, the provisions outlining the victims' rights are "self-executing and severable, and shall supersede all conflicting state laws." *Id.*, §10a(E).

**{¶13}** As the plain wording of Marsy's Law demonstrates, the victim Matthew Rigdon had the right to be notified of Allen's sentencing hearing and to be heard. This includes being heard on the issue of restitution. Pursuant to R.C. 2929.28(A)(1), the trial court was required to order full restitution for any expenses related to a victim's economic loss due to the criminal offense. R.C. 2929.01(L) defines economic loss as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes . . . any property loss . . . incurred as a result of the commission of the offense[.]" And "[n]othing in Marsy's Law explicitly or implicitly changes what losses qualify for restitution in Ohio. Consequently, "restitution" continues to mean compensation for economic losses or economic detriment suffered by the victim 'as a direct and proximate result of the commission of the offense[.]' " *State v. Yerkey*, 2022-Ohio-4298, ¶ 15, citing R.C. 2929.18(A)(1); R.C. 2929.28(A)(1); R.C. 2929.01(L).

**{¶14}** In the matter at bar, however, we are unable to reach the merit of the State's appeal as to whether the victim's rights and/or the prosecution's rights were violated.[2] This is because we lack jurisdiction.

---

[2] We note that the trial court attached to the record hand written notes indicating that the Adams County prosecutor and an assistant prosecutor were present earlier at the February 12, 2024 hearing, and were corresponding with Allen. Additionally, at the February 12, 2024 hearing, the trial court, on record, asked Allen whether the earlier commotion was with the victim, and Allen

**{¶15}** The State may appeal as "a matter of right" in a criminal case a decision by the trial court that:

> grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code[.]

R.C. 2945.67(A).

**{¶16}** Additionally, R.C. 2945.67(A) grants the State the right to appeal "in accordance with section 2953.08 of the Revised Code, a sentence imposed upon a person who is convicted of or pleads guilty to a felony."  Here, the State is not appealing the trial court's grant of a motion to dismiss, a motion to suppress, a motion for a return of seized property, or a decision granting postconviction relief.  Further, Allen was convicted of theft, as a first-degree misdemeanor.  Rather, the State is appealing the trial court's sentencing order and restitution order, which are not issues that may be appealed as a matter of right.

**{¶17}** The State "may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict[.]"  R.C. 2945.67(A).  In order to seek leave to appeal, the State must follow the procedures outlined in App.R. 5(C).  *See State v. Ndubueze*, 2024-Ohio-1414, ¶ 33 (12th Dist.).  Pursuant to App.R. 5(C) "a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the order sought to be appealed[.] . . . Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3[.]"

---

confirmed that it was.  Allen's colloquy occurred approximately two and a half hours after the trial court advised all defendants appearing that day of their plea options and rights.

{¶18} In the case at bar, the State did not file a motion for leave to appeal concurrent with the filing of its notice to appeal. The trial court's misdemeanor sentence and restitution order are issues that the State must request leave from this court to appeal. The State failed to do so. Section 3(B)(2), Article IV of the Ohio Constitution establishes that courts of appeals "shall have such jurisdiction *as may be provided by law* to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the courts of appeals within the district." (Emphasis added.) Thus, because the State failed to comply with R.C. 2945.67 and App.R. 5(C), we lack jurisdiction to review the issue.

{¶19} This conclusion is consistent with the Twelfth District Court of Appeals in which the court recently dismissed the State's cross-appeal for lack of jurisdiction on a similar issue. *Ndubueze*, 2024-Ohio-1414 (12th Dist.). In *Ndubueze*, the State cross-appealed arguing the trial court violated Marsy's Law. *Id.* at ¶ 30. The Twelfth District dismissed the cross-appeal because that issue falls under "any other decision" requiring the State to request leave to appeal. *Id.* at ¶ 34. And the State "failed to do so and, therefore, has not properly invoked our jurisdiction." *Id.*

{¶20} In *State v. L.K.*, the State appealed two trial court decisions, one of which was granting the defendant's motion to seal his record after being convicted of non-support of dependents, and the other decision finding that past due child support is not restitution. 2024-Ohio-1890, ¶ 2 (10th Dist.). After his conviction, L.K. was ordered to pay restitution (the amount of the past due child support) as part of his sentence. *Id.* L.K. completed his sentence including

probation and community control, but he failed to pay full restitution. *Id.* at ¶ 5. Years later, L.K. applied to seal his record, which the trial court granted. *Id.* at ¶ 6. The State objected since restitution was not fully paid. *Id.* The trial court overruled the State's objection and issued two entries. *Id.* at ¶ 10. One was an amended entry reversing its prior order that past due support amount was restitution. *Id.* The second was granting L.K.'s motion to seal the record. *Id.* The State appealed both entries but filed a motion for leave to appeal the entry reversing the restitution finding. *Id.* at ¶ 11, 12. Because the State filed the motion for leave to appeal, which was granted, the Tenth District had jurisdiction to address the State's restitution issue on the merits.

**{¶21}** Here, on the other hand, the State did not file a motion for leave to appeal the trial court's sentencing order that involved a misdemeanor sentence and restitution. The State's arguments challenging the trial court's judgment entry do not involve issues that would grant the State the right to appeal as a matter of right. *See* R.C. 2945.67. Therefore, because the State failed to comply with R.C. 2945.67 and App.R. 5(C), we lack jurisdiction to address the State's appeal.

**{¶22}** Wherefore, the appeal is dismissed for lack of jurisdiction.

CONCLUSION

**{¶23}** The State's appeal is dismissed for lack of jurisdiction for its failure to request leave to appeal Allen's misdemeanor sentence and restitution.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge


## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**