[Cite as *Pollock v. Hall*, 2017-Ohio-1218.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Robert E. Pollock

    Appellee

v.

Carrie Hall

    Appellant

Court of Appeals No.  L-16-1096

Trial Court No.  CI0201501206

**DECISION AND JUDGMENT**

Decided:  March 31, 2017

* * * * *

Robert E. Pollock, pro se.

Kevin R. Eff, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Carrie Hall, appeals the April 15, 2016 nunc pro tunc opinion and judgment entry of the Lucas County Court of Common Pleas.  For the reasons that follow, we find that judgment void.

{¶ 2} On January 21, 2015, appellee Robert Pollock, filed a complaint against appellant for unpaid rent allegedly due under a lease agreement and damages which allegedly occurred in the leased property. Appellee attempted service by certified mail service, but this failed. Appellee then attempted service of process by the Lucas County Sheriff, but this also failed. Appellee then attempted service by publication but did not file an affidavit before attempting such service, as required by Civ.R. 4.4.

{¶ 3} On November 30, 2015, appellant filed an answer to the complaint, in which she set forth as one of her defenses, lack of jurisdiction over her person. On February 22, 2016, appellant filed a motion to dismiss pursuant to Civ.R. 12(B)(2) for lack of jurisdiction over the person, Civ.R. 12(B)(4) for insufficiency of process, and/or Civ.R. 12(B)(5) for insufficiency of service of process.

{¶ 4} On April 5, 2016, the trial court issued an opinion and judgment entry granting the motion to dismiss and dismissing the claims with prejudice. The court found appellee failed to include in the record a filed affidavit, as required by Civ.R. 4.4(A), and therefore the court was without jurisdiction over the matter.

{¶ 5} On April 15, 2016, the trial court issued a nunc pro tunc opinion and judgment entry amending the April 5, 2016 order to dismiss the case without prejudice. Appellant appealed.

{¶ 6} Appellant set forth three assignments of error:

 A. The trial court erred, as a matter of law, in substantively changing its final judgment via a nunc pro tunc entry.

2.

B.  The trial court erred, as a matter of law, by using a nunc pro tunc order not to show what the court actually did decide, but rather to show what the court thought it might or should have decided.

C.  The trial court erred, as a matter of law, in reconsidering its final judgment.

{¶ 7} We will address all of appellant's assignments of error together as they relate to the trial court's nunc pro tunc entry.

## Nunc Pro Tunc

{¶ 8} A nunc pro tunc entry is used to correct clerical mistakes in judgments, orders, or other parts of the record.  Civ.R. 60(A).  The rule permits a trial court to modify a judgment if the judgment contains a clerical error, but not a substantive error. *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 671 N.E.2d 236 (1996).  "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment."  (Citations omitted.) *Id.* Thus, the function of a nunc pro tunc entry is to have the record reflect what the court actually decided and not what the court might have decided or should have decided, or what the court intended to decide.  *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995).

{¶ 9} In contrast, the correction of substantive errors is governed by Civ.R. 60(B). That rule provides that a court may correct substantive errors upon motion of a party. *Lakhi v. Healthcare Choices & Consultants, LLC*, 10th Dist. Franklin No. 06AP-806, 2007-Ohio-4127, ¶ 35.

3.

**{¶ 10}** Here, the nunc pro tunc entry set forth for "good cause" and "upon reconsideration," the case was dismissed without prejudice. The entry offered no explanation that the court, in its original entry, intended to dismiss the case without prejudice but inadvertently or mistakenly dismissed the cause with prejudice. Thus, the nunc pro tunc entry attempted to correct a substantive error, rather than a clerical mistake.

When a court improperly issues a nunc pro tunc judgment entry, that judgment is void. *Plymouth Park Tax Servs., LLC v. Papa*, 6th Dist. Lucas No. L-08-1277, 2009-Ohio-3224, ¶ 18, citing *Natl. Life Ins. Co. v. Kohn*, 133 Ohio St. 111, 11 N.E.2d 1020 (1937), paragraph three of the syllabus.

**{¶ 11}** Here, we find the trial court erred in issuing the nunc pro tunc entry. As a result, we find the April 15, 2016 nunc pro tunc opinion and judgment entry is void, and the April 5, 2016 opinion and judgment entry is the final judgment. Accordingly, appellant's assignments of error are well-taken. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment void.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                      _____
                                                                    JUDGE
James D. Jensen, P.J.

Christine E. Mayle, J.                               _____
CONCUR.                                                         JUDGE

                                                                    _____
                                                                    JUDGE