[Cite as *State v. Langston*, 2024-Ohio-5069.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 24 CA 5 |
| URIAH LANGSTON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:       Criminal Appeal from the Court of Common Pleas, Case No 22 CR 08-0179


JUDGMENT:       Affirmed in Part; Reversed in Part and Remanded


DATE OF JUDGMENT ENTRY:       October 21, 2024


APPEARANCES:

For Plaintiff-Appellee

CHARLES T. McCONVILLE
PROSECUTING ATTORNEY
117 East High Street, Suite 234
Mount Vernon, Ohio  43050

For Defendant-Appellant

TODD W. BARSTOW
261 West Johnstown Road
Suite 204
Columbus, Ohio  43230

*Wise, P. J.*

**{¶1}** Defendant-Appellant, Uriah Langston, appeals the judgment entry of the Knox County Court of Common Pleas awarding restitution to victims of his thefts and denying his request for return of seized property.

**{¶2}** Plaintiff-appellee is the State of Ohio.

## FACTS AND PROCEDURAL BACKGROUND

**{¶3}** In August, 2022, the Knox County Grand Jury returned a nine-count indictment charging appellant, Uriah Langston, with six counts of receiving stolen property, one count of theft, one count of criminal trespass and one count of engaging in a pattern of corrupt activity. The counts ranged from a second degree felony to a misdemeanor of the fourth degree. The ninth count contained a forfeiture specification for a gray Chevrolet Silverado truck.

**{¶4}** The record contains some details of the charges. Langston, driving a Chevrolet Silverado truck with "Can't Stop/Won't Stop Construction" logo or a bicycle would trespass on sites where building materials and goods used for residential homes being constructed and a hospital being renovated were stored, and steal materials, tools and goods used for construction. Bill of Particulars Sept. 14, 2022, Restitution Hearings, Nov. 30, 2023, Feb. 1, 2024. He would store the goods, including a refrigerator, a generator, a hot water heater and drills and bits, in storage lockers and a Haulmark trailer attached to his truck. Some of the appliances ended up outfitting his mother's kitchen. Some of the goods, including a washer and dryer, were sold to third-party vendors.

**{¶5}** On May 23, 2023, Langston changed his not guilty plea to guilty to engaging in a pattern of corrupt activity, a violation of R.C.2923.32(A)(1) and 2923.02(A) with the

forfeiture specification. [1]  The count was amended from a second-degree felony to a third- degree felony.  The state dismissed the remainder of the counts in the indictment.[2]

{¶6}  A presentence investigation was ordered, and Langston was held without bond pending sentencing. Journal Entry, May 25, 2023.

{¶7}  A sentencing hearing was scheduled for June 29, 2023.  The record contains the following pleading:

### NOTICE OF IMPOSITION OF SENTENCE

The above captioned case has been assigned for hearing for the purpose of imposition of sentence on 6/29/2023 at 9:00 AM.

The Prosecutor's Office shall provide all evidence and documentation of any claim of restitution on behalf of any victims in the case to the counsel for defendant no later than 7 days prior to the sentencing hearing.  The victim advocate shall assure the appearance of the victim at the sentencing hearing for testimony. The parties and counsel shall be prepared to proceed with an evidentiary hearing on restitution at the sentencing hearing to be limited to economic loss as defined in R.C. 2929.01(L) and *State v. Poff,* 2021-Ohio-384.

s/ Brittany McNamara

Assignment Commissioner

Date Sent:  May 25, 2023

COPIES TO:

---

[1] The charges against him were contained in two separate cases.  The appeal before us involves trial court case number 22CR08 0179.
[2] The transcript of the plea hearing is not part of the appellate record.

Victim/Victim Representative (if any)

HITCHMAN, TERRY D.

MCCONVILLE, CHARLES T.

**{¶8}** On June 29, 2023, Langston returned to the trial court for sentencing.

**{¶9}** Because of temporary emergency court operations protocol for Covid-19 risks, pursuant to R.C. 2301.04, Langston appeared for the sentencing hearing via live video transmission and audio recording from the Knox County Jail. Sentencing Agreement Disclosure and Acknowledgment, June 30, 2023.

**{¶10}** Prior to sentencing, the trial court inquired of Langston whether he had an opportunity to review the claims for restitution. Tr. Sentencing at 5. Langston's counsel indicated that he received the claims a couple of weeks ago. "I've not had an opportunity to go over those in detail with Uriah. We, we think that we will be filing a request for a Restitution Hearing." Tr. Sentencing at 5.

[THE COURT] Okay. Three of them are on the case ending in 0179, which is one of the cases we have this morning. Two of them are on cases, the case ending in 0046, which is not one of the cases before us today, so that's the other reason why I asked. So do you want to proceed with sentencing this morning and then we can set a Restitution Hearing at, at another time? Tr. Sentencing at 5.

**{¶11}** Langston stated "Yes, sir" and the state agreed. Tr. Sentencing at 5.

**{¶12}** The state placed the restitution claims on the record:

. . . In the case ending in 0179, the restitution claims are to Aaron Alfrey in the amount of $1,020.79, Logan Smith, $1,626, . . .The next one

is $1,626 to Logan Smith.  The next one is Lucky Deals $800.  The next one is to Modern Builders $3,584.18.  Last, the person is Justin Wengard, . . . $2,469.95, that total then is $9,500.13.  Tr. Sentencing at 7.

**{¶13}**   Langston then stated that he did not dispute that there is restitution owed; just the amounts.  Tr. Sentencing at 8.

**{¶14}**   Langston was sentenced to a definite term of imprisonment of 30 months consecutive to the prison term ordered in Case No. 0241 and ordered to forfeit the Chevy Silverado truck.  Sentencing Tr. at 15, Sentencing Entry, June 30, 2023. The sentencing entry contains no mention of restitution, no continuance of the sentencing hearing for purposes of setting restitution and no continuing jurisdiction for purposes of restitution.

**{¶15}**   The sentencing entry was signed by the judge and journalized by the clerk of courts on June 30, 2023.  No appeal was taken from the sentencing entry.

**{¶16}**   A restitution hearing was scheduled for September 21, 2023.

**{¶17}**   On September 11, 2023, Langston filed a motion for return of evidence – a 2015 Haulmark enclosed trailer allegedly purchased from a Ben Conaway in December, 2021.

**{¶18}**   On November 30, 2023 and on February 1, 2024, the issue of restitution and Langston's motion for return of trailer came on for evidentiary hearing.

**{¶19}**   The hearing began with Langston's counsel's admission that he requested a restitution hearing but that he also wanted to address the Haulmark trailer.  Tr. Restitution at 13-14.

**{¶20}**   The state presented testimony from the detectives investigating the thefts and the victims of Langston's thefts.

**{¶21}** As to the return of the Haulmark trailer to Langston, Detective Minot testified that it was stolen from Newark, Ohio, attempts were made to remove the registration numbers, and the seller identified on the bill of sale indicated that his signature was forged.  As to the contents of the Haulmark trailer, Detective Minot testified that many of the items were tools with the names and serial numbers defaced and that not all the property had identifiable owners.

**{¶22}** At the conclusion of the hearings, the trial court made findings ordering restitution, overruled Langston's motion for return of seized property, and found that the contents of the Haulmark trailer was unresolved.  Judgment Entry, Feb. 2, 2024.

**{¶23}** Langston now appeals the trial court's entry assigning two assignments of error**.**

### ASSIGNMENTS OF ERROR

**{¶24}** "I.    THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW BY DENYING HIS REQUEST TO RETURN PROPERTY THAT WAS SEIZED BY LAW ENFORCEMENT AGENCIES IN KNOX COUNTY. (T. 11/30/23; 2/1/24; R. ENTRY 2/2/24).

**{¶25}** "II.    THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ORDERING RESTITUTION.  (T. 11/30/23; 2/1/24; R. ENTRY 2/2/24)."

### LAW AND ANALYSIS

### I.

**{¶26}** In the first assignment of error, appellant contends the trial court erred in failing to order the return of a trailer and its contents seized by law enforcement during their investigation of the thefts committed by Langston.  Langston filed a motion for return

of property on September 11, 2023. He requested return of a 2015 Haulmark Trailer and as proof that he was the owner attached a bill of sale and a certificate of registration to his motion. He claimed that he purchased it in September, 2021 from a Ben Conaway. His motion made no claim for any personal property found in the trailer.

{¶27} Langston argues that because the state did not file a forfeiture specification in the indictment or file a civil forfeiture, the trailer and its contents belong to him.

{¶28} We review this matter under an abuse of discretion standard. At any hearing on a request for return of seized property, the party requesting its return must prove by a preponderance of the evidence that she or he is entitled to return of the property. *State v. Martre,* 2022-Ohio-639, ¶ 25 (6th Dist.). ("At the hearing, appellant was required to prove, by a preponderance of the evidence, both an unlawful seizure and his entitlement to the property.")

{¶29} We find that the trial court did not abuse its discretion in failing to order the return of the trailer and its contents to appellant. Appellant did not prove, by a preponderance of the evidence, that he was the owner of the property.

{¶30} Detective Minot testified during the evidentiary hearing that Langston came to the attention of law enforcement when a stolen trailer and an ATV were found on the property of a homeowner. When the homeowner was questioned, he told law enforcement that Langston had brought the items to his property. Surveillance videos showed Langston's Chevy Silverado pulling the trailer with an ATV. The trailer was later identified as a 16-foot black enclosed Haulmark trailer that was used in various thefts connected to Langston in the Knox County area.

**{¶31}** The trailer was confiscated by law enforcement to be used as evidence in the prosecution of appellant. Detective Minot checked the VIN number on the trailer and saw that it was defaced; "somebody or something had scraped the VIN number off in a manner to deface it." Tr. Nov. 30, 2023, at 18.

**{¶32}** Detective Minot did further investigation and found the VIN number on the front tongue of the trailer. He put the VIN number into software called OHLEG available to law enforcement and learned that the trailer was stolen from Newark, Ohio.

**{¶33}** Detective Minot further compared the information to the bill of sale that Langston attached to his motion for return of property. That bill of sale was for a 2015 16-foot trailer allegedly sold to Langston by a Ben Conaway. Detective Minot learned that Mr. Conaway's signature was a forgery. Detective Minot also learned that the license on the trailer confiscated from Langston did not match the trailer. It was registered for a homemade trailer rather than a manufactured Haulmark trailer.

**{¶34}** In short, Langston did not own the Haulmark trailer he claimed belonged to him and wanted returned.

**{¶35}** Detective Minot further testified as to the personal property found in the seized trailer. The trailer contained building supplies and tools taken from residences and businesses in Knox County. The trailer contained hundreds of items that had serial numbers scraped off and their rightful property owners were still not identified.

**{¶36}** Langston testified at the hearing, claiming that it was his trailer and, as to its contents, he testified that "he would like my property that was not proven stolen returned to me." Tr. Nov. 30, 2023 at 92. He identified no specific property in the stolen trailer that belonged to him.

**{¶37}** In order to prevail on a challenge to forfeiture, it was necessary for Langston to prove that he was the owner. When it was demonstrated through the testimony of Detective Minot that he was not the owner, Langston lacked standing to challenge the seizure of the trailer by law enforcement. "Standing is a 'party's right to make a legal claim or seek judicial enforcement of a duty or right." S*tate v. Griffin,* 2020-Ohio-3707, ¶ 16 citations omitted (1st Dist.).

**{¶38}** So, too, Langston cannot prevail on the oral claim he made at the hearing that he was entitled to return of any personal property including tools that were contained in the trailer. Langston did not support his claim with any specificity. His assertion that he wanted any property in the trailer that was not "proven stolen" was insufficient to support his claim.

**{¶39}** The first assignment of error is overruled.

II.

**{¶40}** In his second assignment of error, Langston argues that the trial court erred in its post sentencing order of February 2, 2024 directing him to pay restitution. Specifically, appellant argues that the trial court was divested of jurisdiction to further act in the criminal matter once it filed its sentencing entry of June 30, 2023 that made no mention of restitution.

**{¶41}** The state concedes relying on this Court's holding in *State v. Corbitt,* 2012-Ohio-3795, ¶ 13 (5th Dist.) (holding that the trial court must determine the amount of restitution at sentencing and there is no statutory authority for the trial court to exercise continuing jurisdiction to modify the amount of restitution). *See also State v. Purnell,* 2006-Ohio-6160, ¶ 9 (holding that there is no statutory authority for the trial court to

exercise continuing jurisdiction to increase a restitution award after sentencing.); *State v. Carr,* 2008-Ohio-3423, ¶ 16 (5th Dist.) ("Because the trial court in this case had no statutory authority to increase the restitution amount after imposing sentence in January 2006, its November, 2007 entry is a legal nullity.")

**{¶42}** The holdings relied upon by appellant and the state, however, were decided prior to the passage of Marsy's Law. Thus, it is necessary to consider the appellant's assignment of error with Marsy's law in mind.

*Marsy's Law enacted in February, 2018*

**{¶43}** Prior to Marsy's Law, whether a victim was entitled to restitution was considered under statutes. R.C. 2929.18(A)(1) provided for restitution by the offender to the victim of the offender's crime or any survivor to the victim in an amount based on the victim's economic loss. If the offender disputes the amount of restitution, the trial court shall hold a hearing to determine the amount of restitution to be made by the offender.

**{¶44}** In November, 2017, the voters of this state passed an amendment to the victim's rights provision of the Ohio Constitution. That amendment, effective, February 5, 2018, known as Marsy's law, now provides:

> (A) To secure for victims justice and due process throughout the criminal and juvenile justice systems, a victim shall have the following rights, which shall be protected in a manner no less vigorous than the rights afforded to the accused.
>
> . . .

(7) to full and timely restitution from the person who committed the criminal offense or delinquent act against the victim.

. . .

(E) All provisions of this section shall be self-executing and severable, and shall supersede all conflicting state laws.

**{¶45}** Article I, Section 10a, Ohio Constitution. *State v. Yerkey,* 2022-Ohio-4298, ¶ 8.[3]

**{¶46}** In this case, the issue is whether the trial court lost jurisdiction to award restitution when it did not award restitution at the sentencing hearing and in its journal entry under Marsy's law.

**{¶47}** We hold that Marsy's law does not change the case law that a trial court loses jurisdiction to award restitution after the sentencing hearing and entry of sentencing was journalized.

**{¶48}** While restitution was clearly discussed during the sentencing hearing, monetary amounts were presented by the state, and the appellant acknowledged he owed restitution, an amount was not determined when Langston disputed the figures and requested a hearing. The trial court did not continue the sentencing hearing to allow for restitution but, with the acquiescence of the state, proceeded to sentence Langston to thirty months in prison and set the restitution hearing for a later date.

**{¶49}** On June 30, 2023, the trial court signed a sentencing order. That order set forth that Langston pleaded guilty, his guilty plea was accepted by the trial court, he was

---

[3] R.C. 2929.281, effective July 7, 2023 provides in detail the types of damages now available in determining the amount of restitution at the time of sentencing.

sentenced to thirty months in prison, post release control was ordered, the judge signed the entry, and it was journalized by the clerk of court on June 30, 2023. There was no mention of restitution in the sentencing entry.

{¶50} "A sentence is the sanction or combination of sanctions imposed by the sentencing court on an offender who pleads guilty to or is convicted of an offense. R.C. 2929.01 (EE). Crim.R. 32(C) provides that a judgment becomes final when the trial court reduces it to writing and the clerk entered it on the journal. *State v. Danison,* 2005-Ohio-781, ¶ 8, *State v. Lester,* 2011-Ohio-5204, paragraph one of the syllabus ("A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp, indicating the entry upon the journal by the clerk."

{¶51} In this case, the state did not appeal the sentencing order containing no restitution for the victims of Langston's thefts. Therefore, it became a final appealable order and the trial court lost jurisdiction to enter the subsequent restitution order.

{¶52} In *State v. Brasher,* 2022-Ohio-4703, the question considered by the Ohio Supreme Court was whether victims of crime have the right to collaterally attack a trial court's sentencing entry that did not contain a restitution order by seeking an extraordinary writ for a restitution order after the court's judgment was final and offender's sentence had been completed.

{¶53} In *Brasher,* the defendant pled guilty to grand theft of a motor vehicle. At the sentencing hearing, no victims were apparently present and the state made no argument for restitution. The trial court sentenced defendant to eighteen months in prison and the sentencing entry made no mention of restitution.

**{¶54}** The state took no appeal from the sentencing entry and the victims did not seek to intervene.

**{¶55}** Five months later, the victims filed a complaint for a writ of restitution seeking an order from the court of appeals to compel the trial court to hold a restitution hearing. The 12th District Court of Appeals granted summary judgment in the mandamus action in favor of the victims and ordered the trial court to hold a restitution hearing. The 12th District concluded that the victims had a right to restitution under Marsy's Law. *Id.* at ¶6.

**{¶56}** The trial court held a restitution hearing and entered a restitution order. Meanwhile, the defendant was released from prison.

**{¶57}** Defendant appealed the restitution order to the 12th District Court of Appeals. The court of appeals reversed the trial court's order of restitution finding that because the defendant had served his entire term of imprisonment, the trial court lost jurisdiction to modify his sentence and the trial court supplemental sentencing entry ordering restitution was void. *State v. Brasher,* 2021-Ohio-1688, ¶ 22 (12th Dist.).

**{¶58}** The Ohio Supreme Court accepted the case on the state and victim's appeal on the following propositions of law:

**{¶59}** State's proposition of law:

Pursuant to Marsy's Law a trial court retains jurisdiction to correct previous proceedings as to restitution following a defendant's convictions and performance of his prison sentence; a trial court's post-completion-of-prison-sentence supplemental sentencing order ordering restitution is not void.

**{¶60}** Victim's proposition of law:

> Victims are constitutionally entitled to full and timely restitution, and must be provided an effective appellate remedy for violations of their right to restitution.

**{¶61}** The Court affirmed the ruling of the 12th District Court of Appeals. In a decision announced by Justice Brunner with four Justices concurring, the Court recognized the victims' rights under Marsy's law to full and timely restitution. *Id.* at ¶ 25. But the Court further held that the constitutional right was "forfeited" when the victims did not appeal the sentencing entry that awarded no restitution.

> . . . [T]hese crime victims did not appeal at sentencing. They may have exercised their right to 'confer with the attorney for the government' about restitution, but the attorney for the government, for whatever reason, did not assert 'the victims' right to restitution'. *See* Ohio Constitution, Article I, Section 10a(A)(9) and (B). And they had an additional right, when 'the relief sought [was] denied,' to 'petition the court of appeals for the applicable district.' *Id.* at Section 10a(B). But Brasher's victims did not timely appeal the trial court's failure to award restitution. Rather, they let the appellate window close and the judgment become final; only then did they seek to enforce their rights through a collateral attack on a final judgment by seeking a writ of mandamus. *Id.* at ¶ 26.

**{¶62}** Justice DeWine, in his concurring opinion, noted that there are two independent reasons why it was inappropriate for the trial court to modify Brasher's sentence:

First, the trial court lacked jurisdiction to change Brasher's sentence after it had issued a final judgment and the time to appeal that judgment had expired. Second because Brasher had a reasonable expectation of finality in his sentence, the trial court's imposition of an additional sanction violated his rights under the Double Jeopardy Clause. *Id.* at ¶ 34.

**{¶63}** The holding of *Brasher* was applied by the Eighth District Court of Appeals. In *State v. Barnes,* 2024-Ohio-2184 (8th Dist.), not allowing appeal 2024-Ohio-4713 (Fischer and Donnelly, J.J. dissent). The defendant was charged with three counts of breaking and entering and entered a guilty plea to attempted breaking and entering and petty theft in October, 2018. He was sentenced in November, 2018 to credit for time served. At the sentencing hearing, the victim appeared and argued for restitution. *Id.* at ¶ 3. The sentencing journal entry did not award restitution to the victim.

**{¶64}** The victim appealed arguing that the trial court violated her rights under Marsy's Law. The victim dismissed her appeal based on a prior decision of the Eighth District Court of Appeals finding that the victim's remedy was to petition the appropriate appellate court for relief under Ohio Constitution, Article I, Section 10(a)(A) (Marsy's Law). *Id.* at ¶ 5.

**{¶65}** Subsequently, the victim filed a complaint for a writ of mandamus in the court of appeals. The court of appeals granted the victim's request for a writ of mandamus and remanded the matter to the trial court for a restitution hearing.

**{¶66}** The defendant appealed. Based on the holding in *Brasher II,* the court of appeals held that the trial court lost jurisdiction to modify the sentence with restitution

after the sentencing entry that sentenced defendant to time served became final. *Id.* at ¶ 23.[4]

**{¶67}** According to *Brasher,* we find that once Langston's appeal became final and the time to appeal that sentence expired, the trial court was without jurisdiction to hold a restitution hearing to modify the sentence to include the additional sanction of restitution.

**{¶68}** To be sure, Langston invited the error made in the trial court's failure to impose restitution at sentencing. He conceded he owed restitution to the victims at the sentencing hearing.

**{¶69}** It would be appealing to hold that because Langston invited the error and participated in the restitution hearings he requested, he has waived his right to now argue that the trial court lacked jurisdiction.

**{¶70}** But the long standing doctrine of *res judicata* forbids this Court from making such a finding.  When no one appealed the criminal judgment of sentence, it became a final order and res judicata attached. *State v. Barnes, supra,* at ¶ 1 (finding that the sentencing journal entry which did not order Barnes to pay restitution is a final order and res judicata attached).

**{¶71}** So, too, a nunc pro tunc entry to impose restitution that was not imposed as part of the sentence is not available.  A trial court may use a nunc pro tunc entry to only correct a clerical error but may not make substantive changes to a final judgment.

---

[4] We note that our Court in *State v. Mickey,* 2022-Ohio-2396, ¶ 14 (5th Dist.) issued its decision holding that Double Jeopardy does not prevent the trial court from ordering a defendant to pay restitution after his sentence has been journalized and sentence commenced was decided prior to the issuance of *State v. Brasher, supra,* in December, 2022.

*Crim.R. 36.  State v. Miller,* 2010-Ohio-5705 ¶ 16 (finding that trial court could not use a nunc pro tunc entry to impose restitution that was not imposed as part of the sentence). "[T]he function of a nunc pro tunc entry is to have the record reflect what the court actually decided and not what the court might have decided or should have decided."  *State v. L.K.,* 2024-Ohio-1890, ¶ 20 (10th District), quoting *Watkins v. Allstate Vehicle & Property Ins. Co.,* 2020-Ohio-2297, ¶ 49, (6th Dist.) quoting *Pollock v. Hall,* 2017-Ohio-1218, citing *State ex rel. Fogle v. Steiner,* 73 Ohio St.3d 158, 164 (1995).

*The victims have a right to restitution under Marsy's Law*

**{¶72}**  It is clear that Langston's victims should be compensated for their loss from Langston's' thefts of their property.  They did not appeal the sentencing entry of the trial court making no mention of restitution because they were led to believe that restitution would be ordered in subsequent hearings.

**{¶73}**  Marsy's Law specifically gives them standing to receive restitution.  They are not precluded from filing a separate civil action against Langston. R.C. 2929.28(H); *State v. Brasher, supra* at ¶ 27; *See also* R.C. 109.42 (Victim's rights compilation, publication and availability; costs.).

**{¶74}**  Appellant's assignment of error number two is sustained.

**CONCLUSION**

{¶75}  The judgment of the trial court is affirmed in part and reversed in part and remanded to the trial court with instructions to vacate the order of restitution contained in its Decision and Entry After Restitution Hearing filed on February 2, 2024.

By: Wise, P. J.

Baldwin, J., and

King, J., concur.

JWW/kt 1015