[Cite as *State v. Thornsley*, 2024-Ohio-5727.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 2024 AP 01 0001 |
| CHAD E. THORNSLEY | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Tuscarawas County Court
of Common Pleas, Case No. 2023 CR 01
0019


JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     December 6, 2024


APPEARANCES:


For Plaintiff-Appellee                    For Defendant-Appellant

RYAN D. STYER                          GEORGE URBAN
Prosecuting Attorney                   116 Cleveland Avenue, N.W., Suite 808
Tuscarawas County Prosecutor's Office  Canton, Ohio 44702

KRISTINE W. BEARD
Assistant Prosecuting Attorney
Tuscarawas County Prosecutor's Office
125 E. High Avenue
New Philadelphia, Ohio 44663

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Chad Thornsley appeals the judgment entered by the Tuscarawas County Common Pleas Court convicting him of breaking and entering (R.C. 2911.13(A)) and theft (R.C. 2913.02(A)(1)), and sentencing him to a term of three years of community control.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}** Appellant was indicted by the Tuscarawas County Grand Jury on charges of breaking and entering and theft in connection with a break-in and theft from Furry Trails Pet Transportation Company.  The case proceeded to jury trial, and he was convicted of both charges.  The trial court found the convictions merged, and the State elected to have Appellant sentenced on the theft conviction.  The trial court sentenced Appellant to a term of community control of three years.  As to restitution, the trial court stated in its sentencing entry as follows:

> The Defendant is ordered to make restitution in the amount of Thirty Thousand Dollars ($30,000.00) jointly and severely with the Co Defendant, Ashley Thornsley, to Furry Trails Pet Transport, 12208 Gunther Miller Road SW, Fresno, Ohio 43824, subject to a restitution hearing to be scheduled pursuant to R.C. 2929.18.

**{¶3}** It is from the December 14, 2023 judgment of conviction and sentence Appellant prosecutes his appeal, assigning as error:

---

[1] A rendition of the facts is not necessary to our resolution of the appeal.

I. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

II. THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING THE STATE OF OHIO TO AMEND ITS INDICTMENT AGAINST THE APPELLANT IMMEDIATELY PRECEDING TRIAL, THEREBY VIOLATING HIS RIGHT TO DUE PROCESS.

III. THE TRIAL COURT ERRED IN PERMITTING HEARSAY EVIDENCE UNDER AN INAPPLICABLE EXCEPTION TO RULE 802.

IV. THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL BECAUSE THE STATE FAILED TO PRODUCE SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AGAINST THE APPELLANT.

V. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO CONDUCT A RESTITUTION HEARING WHEN THE AMOUNT WAS DISPUTED.

VI. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED RESTITUTION IN AN ARBITRARY AMOUNT.

{¶4} As a preliminary matter, we address whether this Court has jurisdiction over this appeal pursuant to R.C. 2505.02.

{¶5} "Generally, in a criminal case, the final judgment is the sentence. The sentence is the sanction or combination of sanctions imposed by the sentencing court on an offender who pleads guilty to or is convicted of an offense. R.C. 2929.01(FF). The

sentence imposed on an offender for a felony may include financial sanctions, including restitution in an amount based on the victim's economic loss. R.C. 2929.18(A)(1)." *State v. Danison*, 105 Ohio St.3d 127, 2005–Ohio–781, 823 N.E.2d 444, ¶ 6. "[A]n order of restitution imposed by the sentencing court on an offender for a felony is part of the sentence and, as such, is a final and appealable order." *Id.* at ¶ 8, 823 N.E.2d 444.

{¶6} This Court has previously held the trial court must determine the amount of restitution at sentencing, and there is no statutory authority for the trial court to exercise continuing jurisdiction to modify the amount of restitution. *See, e.g., State v. Langston*, 2024-Ohio-5069, ¶ 41 (5th Dist.). In *Langston*, the trial court issued a post-sentence judgment ordering restitution. The trial court's original sentencing entry made no mention of restitution, did not continue the sentencing hearing for purposes of setting restitution, and did not attempt to exercise continuing jurisdiction for purposes of restitution. *Id.* at ¶14. This Court held the trial court did not have jurisdiction to later hold a hearing and order restitution because the prior sentencing order, which made no mention of restitution, was a final, appealable order.

{¶7} Similarly, in *State v. Sanner,* 2008-Ohio-1168 (2nd Dist.), the court held a sentencing entry setting forth restitution was a final, appealable order when the parties orally contemplated a later restitution hearing:

> The January 9, 2007 judgment entry stated that Sanner had been convicted of theft in violation of R.C. 2913.02(A)(3), a felony of the fourth degree, in accordance with her guilty plea on October 30, 2006. The court imposed a sentence and ordered the payment of restitution to the victim in

a specific amount ($167,940.89), in addition to other fees and court costs. The judgment entry set forth further conditions, as well as Sanner's appellate rights. In short, the January 9, 2007 judgment entry set forth a complete sentence in Sanner's criminal case. On its face, the judgment entry is a final appealable order.

The state argues that the sentencing entry should nevertheless be deemed interlocutory, because the trial court stated at the sentencing hearing that a hearing on restitution would be held at a later date. Despite the court's representations that it would subsequently review the amount of restitution, the judgment entry does not indicate that the amount of restitution was undetermined and that a subsequent hearing was necessary. "It is well established that the court speaks only through its journal entries, not by its oral pronouncements." *State v. DeLong*, Montgomery App. No. 20656, 2005–Ohio–1905, ¶ 18, citing *Schenley v. Karth* (1953), 160 Ohio St. 109, 113 N.E.2d 625.

**{¶8}**  *Id.* at ¶¶ 9-10.

**{¶9}**  In direct contrast to *Langston* and *Sanner*, the judgment entry in the instant case does not facially appear to be a final order of sentencing because it does not finalize the trial court's restitution order.  In the sentencing entry itself, the trial court set forth its intention the amount of restitution be tentative only.  On the face of the sentencing entry, the order of restitution was not the final order of the court, but was subject to determination at a later hearing.   While perhaps the better practice would have been to not file the

sentencing entry until after the restitution hearing was held, or to expressly continue sentencing until after the restitution hearing, we find in the instant case the entry itself facially demonstrates the trial court's sentence was not final, as the amount of restitution was tentative in nature, and the court intended to hold a further hearing before finalizing restitution.

{¶10} Because the order appealed from is not a final, appealable order, this Court lacks jurisdiction pursuant to R.C. 2505.02.  The appeal is dismissed.


By: Hoffman, P.J.
Baldwin, J.  concurs
King, J. dissents

*King, J. dissents,*

{¶11} The judgment of conviction before this court this a final appealable order. Because my colleagues find otherwise, I respectfully dissent.

{¶12} The Supreme Court has been clear on when a judgment of conviction is final: "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. (Crim.R. 32(C), explained; *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, modified.)" *State v. Lester*, 2011-Ohio-5204, paragraph one of the syllabus.

{¶13} This judgment of conviction facially complies with *Lester* and Crim.R. 32. Moreover, the entry orders the case closed and removed from the docket of pending cases. And the entry states it is a final conviction and sentence in multiple places. As if all that were not enough to indicate that it is a final order, the entry recognizes appellant's desire to appeal and appoints counsel. I would be hard pressed to suggest to a trial court that it need do more to clearly indicate that the order disposed of the case.

{¶14} We should also observe that there is no general authority for a trial court to retain jurisdiction to modify its judgment of conviction or otherwise reconsider its order. See *State v. Miller,* 2010-Ohio-5705, ¶ 14; see also *State v. McKnight*, 2005-Ohio-6046, ¶42-57. More to the point, the Supreme Court has made it clear a judgment of conviction cannot be modified to later add restitution. *Miller* at ¶16. Final means final. Once a final order is entered, the proper action of an aggrieved party is invocation of our jurisdiction. If the trial court erred in imposing restitution without a hearing, then the better course is

to have the parties assign that as an error. We should not instead treat such an error as depriving us of jurisdiction.

**{¶15}** I believe this court's decision here frustrates the right of a victim and defendant to appeal from a judgment of conviction. This approach also frustrates offices of the state, such as ODRC, and officers of the state and county, such as the prosecuting attorney and sheriff, with respect to their ability to discharge their duties. This approach also frustrates finality interests and judicial economy because it leaves the beginning of the time to appeal uncertain and undetermined.

**{¶16}** Finally, I observe that the Supreme Court has been critical of this court's approach in finding orders in restitution-related matters to be nonfinal. State v. Danison, 2005-Ohio-781. In Danison, we attempted to distinguish the imposition of a restitution order from the enforcement of it, finding only the latter a final appealable order. *Id.* at ¶ 3. The Supreme Court rejected this by observing that the sentence is usually the final judgment, which can include financial sanctions. *Id.* at ¶ 6. The Supreme Court then noted the Fifth District was both an outlier and inconsistent on this issue. *Id.* at ¶ 7.

**{¶17}** I would follow the Supreme Court and hold the restitution order was "indisputably part of the sentence" imposed. *Id.* at ¶ 8. It may have indeed been an error for the trial court to impose restitution without a hearing first, but that would be a reversable error upon which relief from this court must be sought. Such an error did not render the judgment of conviction void and thus cannot negate the fact that the trial court entered a final order under *Lester, Miller,* Crim.R. 32(C), and R.C. 2505.02.

{¶18} I would hold the appeal is properly before us and we are obliged to reach the merits. Accordingly, I dissent.