[Cite as *State v. Thornsely*, 2024-Ohio-5726.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | | Hon. Craig R. Baldwin, J. |
| | : | | Hon. Andrew J. King, J. |
| -vs- | : | | |
| | : | | |
| ASHLEY THORNSLEY, | : | | Case No. 2023 AP 12 0063 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Tuscarawas County
                                      Court of Common Pleas, Case No.
                                      2023 CR 01 0018


JUDGMENT:                             Dismissed


DATE OF JUDGMENT:                     December 6, 2024


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

KRISTINE W. BEARD                     DONOVAN R. HILL
Assistant Prosecuting Attorney        122 Market Avenue North
Tuscarawas County Prosecutor's Office Dewalt Building, Suite 101
125 E. High Ave.                      Canton, Ohio 44702
New Philadelphia, Ohio 44663

*Baldwin, J.*

**{¶1}** The appellant, Ashley Thornsley, appeals the judgment entered by the Tuscarawas County Common Pleas Court convicting him of Breaking and Entering in violation of R.C. §2911.13(A) and Theft in violation of R.C. §2913.02(A)(1). The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On January 30, 2023, the Tuscarawas County Grandy Jury indicted the appellant on one count of Breaking and Entering in violation of R.C. §2911.13(A) and one count of Theft in violation of R.C. §2913.02(A)(1) along with her husband. The codefendants were jointly represented by trial counsel.

**{¶3}** The matter proceeded to trial, and the appellant was convicted of both charges. The trial court found the convictions merged, and the State elected to have the appellant sentenced on the theft conviction. The trial court sentenced the appellant to three years of community control. The trial court stated the following regarding restitution:

> The Defendant is ordered to make restitution in the amount of Thirty Thousand Dollars ($30,000.00) jointly and severely (sic) with the Co-Defendant, Chad Thornsley, to Furry Trails Pet Transport, 12208 Gunther Miller Road SW, Fresno, Ohio 43824, subject to a restitution hearing to be scheduled pursuant to R.C. 2929.18. The Defendant is further ordered to make monthly payments toward restitution until paid in full. This order of restitution by the Court can be converted to a civil judgment and collected by the victim through civil action.

{¶4} The appellant filed his appeal from this December 14, 2023, judgment of conviction and sentence and herein raised the following four assignments of error:

{¶5} "I. COUNSEL'S REPRESENTATION OF BOTH APPELLANT AND HER CO-DEFENDANT AT A JOINT TRIAL WAS A CONFLICT OF INTEREST THAT VIOLATED HER RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

{¶6} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ORDERING RESTITUTION THAT WAS NOT REASONABLY RELATED TO THE OFFENSE CHARGED.

{¶7} "III. APPELLANT'S CONVICTIONS OF BREAKING AND ENTERING AND THEFT WERE NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE.

{¶8} "IV. APPELLANT'S CONVICTIONS OF BREAKING AND ENTERING AND THEFT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶9} As a preliminary matter, we address whether this Court has jurisdiction over this appeal pursuant to R.C. ¶2505.02.

{¶10} "Generally, in a criminal case, the final judgment is the sentence. The sentence is the sanction or combination of sanctions imposed by the sentencing court on an offender who pleads guilty to or is convicted of an offense. R.C. §2929.01(FF). The sentence imposed on an offender for a felony may include financial sanctions, including restitution in an amount based on the victim's economic loss. R.C. §2929.18(A)(1)." *State v. Danison*, 2005-Ohio-781, ¶6. "[A]n order of restitution imposed by the sentencing court on an offender for a felony is part of the sentence, and, as such, is a final and appealable order." *Id.* at ¶8.

**{¶11}** This Court has previously held that the trial court must determine the amount of restitution at sentencing and that the trial court does not possess the statutory authority to exercise continuing jurisdiction after sentencing to modify the amount of restitution. *See, e.g., State v. Langston*, 2024-Ohio-5069 (5th Dist.), ¶41. In *Langston*, the trial court ordered restitution in a post-sentence judgment entry. The trial court's original sentencing entry made no mention of restitution, failed to continue the sentencing hearing for purposes of setting restitution, and did not attempt to exercise continuing jurisdiction for purposes of ordering restitution. *Id.* at 14. This Court held that the trial court's original sentencing order was a final appealable order.

**{¶12}** Similarly, in *State v. Sanner*, 2008-Ohio-1168 (2nd Dist.), the Second District Court of Appeals held a sentencing entry setting forth restitution, which was a final, appealable order even though the parties orally contemplated a later restitution hearing:

> The January 9, 2007 judgment entry stated that Sanner had been convicted of theft in violation of R.C. 2913.02(A)(3), a felony of the fourth degree, in accordance with her guilty plea on October 30, 2006. The court imposed a sentence and ordered the payment of restitution to the victim in a specific amount ($167,940.89), in addition to other fees and court costs. The judgment entry set forth further conditions, as well as Sanner's appellate rights. In short, the January 9, 2007 judgment entry set forth a complete sentence in Sanner's criminal case. On its face, the judgment entry is a final appealable order.
>
> The state argues that the sentencing entry should nevertheless be deemed interlocutory, because the trial court state at the sentencing hearing

that a hearing on restitution would be held at a later date. Despite the court's representations that it would subsequently review the amount of restitution, the judgment entry does not indicate that the amount of restitution was undetermined and that a subsequent hearing was necessary. "It is well established that the court speaks only through its journal entries, not by its oral pronouncements." *State v. DeLong*, Montgomery App. No. 20656, 2005-Ohio-1905, ¶18, citing *Schenley v. Karth* (1953), 160 Ohio St.109, 113 N.E.2d 625.

*Id.* at ¶¶9-10.

**{¶13}** In direct contrast to *Langston* and *Sanner*, the judgment entry in the case *sub judice* does not facially appear to be a final order of sentencing because it does not finalize the trial court's restitution order. In the sentencing entry itself, the trial court expressed that the amount of restitution therein was tentative as it was to be subject to determination at a later hearing. While the better practice would have been not to file the sentencing entry until after the restitution hearing was held or to expressly continue sentencing until after the restitution hearing, we find the entry demonstrates the trial court's intention that its sentence was not final, as the amount of restitution was to be determined at a future hearing.

{¶14} Because the sentencing order appealed from is not a final, appealable order, this Court lacks jurisdiction pursuant to R.C. ¶2505.02. The appeal is dismissed.

By: Baldwin, J.

Hoffman, P.J. concur.

King, J. dissents.

*King, J. dissents,*

{¶ 15} The judgment of conviction before this court is a final appealable order. Because my colleagues find otherwise, I respectfully dissent.

{¶ 16} The Supreme Court has been clear on when a judgment of conviction is final: "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. (Crim.R. 32(C), explained; *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, modified.)" *State v. Lester*, 2011-Ohio-5204, paragraph one of the syllabus.

{¶ 17} This judgment of conviction facially complies with *Lester* and Crim.R. 32. Moreover, the entry orders the case closed and removed from the docket of pending cases. As if all that were not enough to indicate that it is a final order, the entry recognizes appellant's desire to appeal and appoints counsel. I would be hard pressed to suggest to a trial court that it need do more to clearly indicate that the order disposed of the case.

{¶ 18} We should also observe that there is no general authority for a trial court to retain jurisdiction to modify its judgment of conviction or otherwise reconsider its order. *See State v. Miller,* 2010-Ohio-5705, ¶ 14; *see also State v. McKnight,* 2005-Ohio-6046, ¶ 42-57. More to the point, the Supreme Court has made it clear a judgment of conviction cannot be modified to later add restitution. *Miller* at ¶ 16. Final means final. Once a final order is entered, the proper action of an aggrieved party is invocation of our jurisdiction. If the trial court erred in imposing restitution without a hearing, then the better course is to have the parties assign that as an error. We should not instead treat such an error as depriving us of jurisdiction.

{¶ 19} I believe this court's decision here frustrates the right of a victim and defendant to appeal from a judgment of conviction. This approach also frustrates offices of the state, such as ODRC, and officers of the state and county, such as the prosecuting attorney and sheriff, with respect to their ability to discharge their duties. This approach also frustrates finality interests and judicial economy because it leaves the beginning of the time to appeal uncertain and undetermined.

{¶ 20} Finally, I observe that the Supreme Court has been critical of this court's approach in finding orders in restitution-related matters to be nonfinal. *State v. Danison*, 2005-Ohio-781. In *Danison*, we attempted to distinguish the imposition of a restitution order from the enforcement of it, finding only the latter a final appealable order. *Id.* at ¶ 3. The Supreme Court rejected this by observing that the sentence is usually the final judgment, which can include financial sanctions. *Id.* at ¶ 6. The Supreme Court then noted the Fifth District was both an outlier and inconsistent on this issue. *Id.* at ¶ 7.

{¶ 21} I would follow the Supreme Court and hold the restitution order was "indisputably part of the sentence" imposed. *Id.* at ¶ 8. It may have indeed been an error for the trial court to impose restitution without a hearing first, but that would be a reversable error upon which relief from this court must be sought. Such an error did not render the judgment of conviction void and thus cannot negate the fact that the trial court entered a final order under *Lester, Miller*, Crim.R. 32(C), and R.C. 2505.02. I would hold the appeal is properly before us and we are obliged to reach the merits. Accordingly, I dissent.